441 So.2d 490 (1983)
Clint T. ADAMS, Plaintiff-Appellee,
v.
Pamela Anne ADAMS, Defendant-Appellant.
No. 15848-CA.
Court of Appeal of Louisiana, Second Circuit.
November 29, 1983.
*491 Sherburne Sentell, Minden, for defendant-appellant.
Hal V. Lyons, Shreveport, for plaintiff-appellee.
Before HALL, MARVIN and JASPER E. JONES, JJ.
HALL, Judge.
The mother appeals from a judgment of the district court "awarding joint custody of the minor child of the marriage, Lydia Michelle, unto Pamela Anne Adams and Clint T. Adams, with Clint T. Adams being recognized as the domiciliary parent, subject to reasonable visitation of Pamela Anne Adams" and rejecting the mother's demands for alimony, child support, and contempt. Finding that the judgment of the district court does not comply with the joint custody provisions and requirements of LSA-C.C. Art. 146, we reverse and set aside the judgment and remand the action to the district court for reconsideration and redetermination of the custody and child support issues. We further render judgment awarding Mrs. Adams alimony pendente lite.
In these consolidated actions, Mr. Adams seeks a separation on the grounds of cruel treatment and custody of the parties' daughter, 14 months old at the time this litigation commenced in January 1983. Mrs. Adams seeks a separation on the grounds of abandonment, joint custody of the child with her as custodial or domiciliary parent, child support, alimony pendente lite, and to have Mr. Adams held in contempt for violating a court order relative to her use of the matrimonial home.
After summary trial of the custody, child support, alimony, and contempt issues, the district court found that because of Mrs. Adams' excessive interest in and time devoted to a new employment relationship and Mr. Adams' assumption of the primary responsibility for caring for the child during an approximately three-month period prior to the parties' separation in January 1983, Mr. Adams should be named as domiciliary parent. No child support award was made. The court denied alimony pendente lite, finding that Mrs. Adams had sufficient income from her salary and advances made to her by her employer to maintain a life style substantially similar to that of her husband. The court further found that the incident wherein Mr. Adams changed the locks on the home in which Mrs. Adams was living did not justify a finding of contempt.
Judgment was rendered awarding joint custody and naming Mr. Adams as domiciliary parent with Mrs. Adams to have reasonable visitation privileges, and rejecting Mrs. Adams' demands for alimony and child support. Mrs. Adams appealed. Mr. Adams did not appeal or answer the appeal.
On appeal, Mrs. Adams contends that the trial court abused its discretion in denying the mother domiciliary custody of her now 20-month-old daughter, and in refusing to award child support and alimony pendente lite. She argues that the decision of the trial court was based on past fault of the mother and not on the best interest of the child or the mother's present situation. Mrs. Adams further argues that the judgment does not recognize her full rights as co-tutor, which should be defined in more detail. It is argued that the court erred in finding she had sufficient income to meet expenses and maintain her life style because she had been able to do so only through loans from her employer. Finally, she complains of the failure of the trial court to hold Mr. Adams in contempt.
The evidence discloses that Mr. Adams is an automobile mechanic or technician with normal work hours. Mrs. Adams was formerly in the Air Force, but left the service about the time her child was born. In October 1982, while attending business school, she started working part-time for her present employer, who has varied business interests, including farming, oil and gas, and commodity trading. Mrs. Adams began to work full-time and while learning *492 the employer's business frequently worked until 7:00 or later in the evening, and traveled on business trips out of town with her employer on several occasions. Mr. Adams did not object to her efforts to develop a career, but began to object to her hours and relationship with her employer. He took over the primary responsibility for caring for the small child, including frequently preparing supper, putting her to bed, and the like. He enjoys the domestic tasks and does them well.
The marriage had been suffering for a good while and deteriorated further after October 1983. In January, Mr. Adams left home and took the child with him. This litigation ensued.
Custody
The trial court found that Mrs. Adams had become obsessed with her employment relationship and was away from home a great deal to the detriment and neglect of her child. The court also found that Mr. Adams was doing an excellent job of caring for the child and that it was in the best interest of the child for Mr. Adams to have physical custody of the child.
If this case were being considered under the law as it existed prior to the 1982 amendment to LSA-C.C. Art. 146, when it was considered necessary to choose which parent should have sole custody of the child, this appellate court might defer to the trial court's much discretion and affirm the award of physical or domiciliary custody to the father as being in the best interest of the child by the narrowest margin favoring custody in the father at this particular time in the lives of the involved persons. We hasten to add, however, that the evidence in this case discloses that both parents are entirely capable and fit to have custody and to care for the child. Each parent testified that the other loves and cares for the child. Mr. Adams testified that Mrs. Adams was a good mother and cared well for the child until she began spending what he regarded as too much time with her employment.
It is not, however, necessary under present law to award exclusive physical custody of the child to either one of the parents. The law governing child custody was drastically changed by the enactment of Act 307 of 1982 amending LSA-C.C. Art. 146, effective January 1, 1983.[1] Amended Article 146 provides that custody shall be awarded, according to the best interest of the child, to both parents jointly as the first preference. The article establishes a rebuttable presumption that joint custody is in the best interest of a minor child. The article defines "joint custody" as meaning "the parents shall share the physical custody of children", subject to any plan of implementation, and shall enjoy the natural co-tutorship of the children. "Physical care and custody shall be shared by the parents in such a way as to assure a child of frequent and continuing contact with both parents."
In Plemer v. Plemer, 436 So.2d 1348 (La. App. 4th Cir.1983), a recent decision dealing with joint custody under the new law, Judge Barry's perceptive opinion notes:
"We interpret `joint custody' to mean a physical sharing of the child in addition to both parents participating in decisions affecting the child's lifee.g., education, medical problems, recreation, etc....
"... We don't interpret joint custody to mean a fifty-fifty sharing of time. Each case will depend on the child's age, the parents' availability and desires, and other factors...."
Article 146 provides that the court shall, unless waived by the court for good cause shown, require the parents to submit a plan for implementation of the court order, or the parents individually or in concert may submit a plan. The plan may include "domiciliary arrangements for the child" as one of considerations. In the Plemer case, a *493 detailed plan of joint custody was structured whereby the mother had physical custody of the school-age daughter for nine months during the school year, with the father having the child during weekends. For the other three months, the father had physical custody with the mother sharing weekends. Holidays and special occasions were spelled out.
The procedure followed and the judgment rendered in the case now before us do not comply with or give effect to the joint custody provisions of Article 146.
The article requires that a plan be filed unless waived by the court for good cause shown. There was no showing of any reason why a plan should not have been filed in this case, and the filing of such a plan should have been required.
The judgment in this case awarding joint custody but naming one parent as "domiciliary parent" with the other parent having reasonable visitation rights is not truly joint custody. The judgment is in effect no different than the award of sole custody to one parent under the law as it formerly existed, except for the co-tutorship and exchange of information provisions of the article which by implication would be part of the judgment. The judgment ignores, without explanation or reasons, the express mandate of the article that the parents "share the physical custody" of the child and that "physical care and custody shall be shared by the parents."
While shared physical custody does not necessarily mean a fifty-fifty sharing, no reason is presented in this case why the parents, both entirely suitable and capable, should not share physical custody of the less than two-year-old child on a substantially equal basis, or that "domiciliary arrangements" should not be such that the child lives with each parent for substantially equal periods of time. There may be reasons why the child should live with one of these parents more of the time than with the other, but any such reasons do not appear in the record of this case, which was tried and decided without due regard for the considerations outlined in Article 146 which are at the heart of a workable plan of joint custody.
Accordingly, the judgment of the district court will be reversed and set aside and this action will be remanded to the district court for redetermination and reconsideration of the award of custody and implementation of a plan for joint custody with provisions for a sharing of physical care and custody with appropriate allocation of the time periods each parent shall enjoy physical custody of the child and the legal authority, privileges, and responsibilities of the parents, all in accordance with LSA-C.C. Art. 146 as last amended by Act 695 of 1983.
Child Support
A joint custody judgment providing for the sharing of physical custody may well call for the payment of some child support. Accordingly, the judgment of the district court rejecting appellant's demand for child support is reversed and set aside, and the issue of child support should be reconsidered upon remand.
Alimony Pendente Lite
Mr. Adams earned $24,727 in 1982. At time of trial he was earning $1,600 to $1,800 per month. His expenses are $1,161 per month without the child and $1,421 with the child.
Mrs. Adams earns $220 per week or an average of $946 per month. She is also to be paid a 5 percent commission on commodity trade profits but had not earned any commissions at time of trial. Her expenses are $2,100 per month without the child and would be $2,400 per month with the child.
Since the parties separated, Mrs. Adams' employer has loaned her $2,700 for attorney fees, $50 for groceries, $1,000 for the down payment on a new automobile, and he co-signed her note on the car. She is to repay the loans as she is able out of future commissions.
In determining that Mrs. Adams has sufficient income to maintain herself in a standard comparable to that of her husband, the trial court must have considered the advances to Mrs. Adams from her employer as *494 earned income or emoluments of her employment. The evidence does not warrant such a conclusion. The evidence discloses that Mrs. Adams does not have sufficient income to meet her reasonable expenses.
Under LSA-C.C. Art. 148, if a spouse does not have sufficient income for maintenance pending suit for separation, the claimant spouse may be allowed a sum for support proportioned to the needs of the claimant spouse and the means of the other spouse. In this case, the husband's income is twice that of the wife, and his expenses are less. Considering her needs and his means and ability to pay, alimony pendente lite should have been awarded in at least the amount of $200 per month. The judgment rejecting Mrs. Adams' demand for alimony pendente lite will be reversed and judgment will be rendered ordering Mr. Adams to pay alimony pendente lite in the amount of $200 per month, effective May 1, 1983, with payments to be made on the first day of each month.
Contempt
The trial court found the incident giving rise to the contempt rule to be relatively insignificant, and declined to hold Mr. Adams in contempt. The court's discretion was soundly exercised in this respect.
Decree
For the reasons assigned, the judgment of the district court is reversed and set aside insofar as it relates to custody of the minor child and insofar as it rejected appellant's demands for child support and alimony pendente lite. The action is remanded to the district court for reconsideration and redetermination of the custody and child support issues, and for implementation of a plan of joint custody. Judgment is hereby rendered ordering Clint T. Adams to pay to Pamela Anne Adams the sum of $200 per month as alimony pendente lite, effective May 1, 1983, payable on the first day of each month. Otherwise, the judgment is affirmed. Assessment of the costs of the appeal shall await final determination of the pending litigation.
Affirmed in part; reversed and rendered in part; and reversed and remanded in part.
NOTES
[1] The civil code article has been further amended since judgment was rendered in this case by Act 695 of 1983, effective August 30, 1983. This appeal is considered under the law applicable at the time the appealed judgment was rendered and references in this opinion are to the article prior to the 1983 amendment. However, upon remand, reconsideration of the custody issue will be governed by Article 146 as amended in 1983.