459 So.2d 140 (1984)
Deborah Miller HICKMAN, Appellee,
v.
William HICKMAN, Jr., Appellant.
No. 16566-CA.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1984.
Campbell, Campbell & Johnson by James M. Johnson, Minden, for appellee.
Fish, Montgomery & Robinson by John W. Montgomery, Minden, for appellant.
Before PRICE, FRED W. JONES, Jr. and NORRIS, JJ.
NORRIS, Judge.
Plaintiff in rule-appellant, William Hickman, Jr., appeals a judgment of the lower court ordering joint custody of the parties' three year old daughter. Defendant in rule did not appeal or answer the appeal. The issue on appeal is whether or not the joint custody plan ordered by the trial court is in *141 the best interest of the child. We conclude it is and affirm.
This case involves the custody of the litigants' three year old daughter, Lindsay Rebecca Hickman. The parties were judicially separated in 1982 and obtained a judgment of divorce on May 6, 1983. The divorce judgment awarded custody of Lindsay to Mrs. Hickman, subject to specific visitation rights granted to Mr. Hickman.
On September 2, 1983, Mr. Hickman filed a motion seeking joint custody under provisions of La.C.C. art. 146. After a hearing on the rule, judgment was rendered on February 16, 1984, awarding joint custody, pursuant to a plan of implementation.
During the months of September through May, Deborah Miller Hickman was awarded the physical custody and possession of the child for three weeks of each calendar month and appellant was awarded the physical custody and possession of the child for one week of each calendar month with an additional weekend from 6:00 p.m. on Friday until 6:00 p.m. the following Sunday. During the months of June, July and August, Mr. Hickman was awarded the physical custody and possession of the child for two full weeks during each of those calendar months, "beginning at 6:00 p.m. on a Friday and ending at 6:00 p.m. on the second Friday thereafter." Holiday periods for Easter, Fourth of July, Thanksgiving and Christmas were spelled out and alternated. The parties were to afford each other the opportunity to babysit should the need arise. Other provisions involving domicile and information exchanges which have no bearing on this appeal were also included.
The provisions of this judgment give Mr. Hickman physical custody of the child for approximately 130-140 days per year, with the opportunity for more. Mr. Hickman appeals claiming that the lower court erred by not granting him equal custody on a 50/50 basis. He asks, in the alternative, that if the trial court's judgment is proper, the judgment as signed does not accurately reflect the intent of the court as stated in its oral reasons for judgment.
Before we address appellant's contentions we briefly mention the significant facts concerning the parties which were established at trial. The trial court found that Mr. and Mrs. Hickman were good, moral persons and fit parents. Both worked and adequately cared for and supported their child. Mr. Hickman is an owner of a new business, which provides an adequate income to support himself and the child. Mrs. Hickman works for a law firm in Minden. When Lindsay is with Mr. Hickman she stays at a local child care center while he works. She stays with her maternal grandparents while Mrs. Hickman is at work. There exists some conflict between the maternal grandparents and Mr. Hickman. The court found that although the parties did have some animosity and suspicions toward each other and some differences on certain aspects of rearing the child regarding schooling and clothing, both love the child and were willing to work together for Lindsay's best interest. While Mr. Hickman had some emotional problems in dealing with the parties' divorce, he had sought and received professional help for these problems and according to Reverend Heacock, an expert witness, he has those problems under control. Based upon these facts, the court found both parties to be equally fit parents and joint custody to be applicable.
Two expert witnesses, both board certified social workers, testified they felt the circumstances of this case presented an ideal situation for an equal sharing of custody. Their opinions were based on the fact that since the parties lived less than one mile apart, regardless of which parent had custody, Lindsay would be attending the same school, church and would have contact with the same friends. The experts were of the opinion that the child needed to be exposed to both parents about equally.
The law applicable to this controversy is La.C.C. arts. 146 and 157 as amended. Article 157 provides that in cases of change in custody after an original award, custody shall be granted to the parents in accordance *142 with article 146. Article 146 provides that custody shall be awarded according to the best interest of the child, with custody to both parents jointly as the first preference. The article establishes a rebuttable presumption that joint custody is in the best interest of a minor child. The article defines joint custody as meaning "the parents shall share the physical custody of children" and provides that "physical care and custody shall be shared by the parents in such a way as to assure a child of frequent and continuing contact with both parents."
However, when the court finds that a decree of joint custody is in the best interest of the child, it does not necessarily require an equal sharing of physical custody. Peters v. Peters, 449 So.2d 1372 (La. App.2d Cir.1984); Adams v. Adams, 441 So.2d 490 (La.App.2d Cir.1983); Plemer v. Plemer, 436 So.2d 1348 (La.App.4th Cir. 1983). But in appropriate situations equal sharing of physical custody may be in the best interest of the child.
Every child custody case must be viewed within its own peculiar set of facts and the relationships involved, with the paramount goal of reaching a decision which is in the best interest of the child. In all cases involving a child custody judgment, great weight is given to the trial court's decision which will not be overturned in the absence of a clear abuse of the trial court's much discretion. Stephenson v. Stephenson, 404 So.2d 963 (La.1981); Cleeton v. Cleeton, 383 So.2d 1231 (La. 1980); Peters v. Peters, supra; Adams v. Adams, supra; Plemer v. Plemer, supra.
Appellant argues that the trial court abused its discretion in failing to award an equal sharing of physical custody. He claims that based upon the situation of the parties and the recommendations of the two expert witnesses, the failure to order such an arrangement amounts to an abuse of discretion. We disagree. It is well settled that the trial judge is not bound by expert testimony. Such testimony is to be weighed by the court the same as any other evidence. Braxton v. Georgia Pacific, 419 So.2d 125 (La.App.2d Cir.1982); Gleason v. City of Shreveport, 393 So.2d 827 (La.App.2d Cir.1981).
Appellate courts should be reluctant to interfere with custody plans ordered by trial courts in the exercise of their discretion. Custody decisions reached by trial courts after careful consideration, should only be overturned where a clear abuse of discretion is apparent. No such abuse of discretion is present in this case. Considering the age of the child, the sole custody enjoyed by Mrs. Hickman in the past, the need for resolution of minor conflicts and disagreements through cooperation and the fact that both parents work, we find the lower court's plan reasonable, feasible and in the best interest of Lindsay.
Appellant also argues in brief that the written judgment signed by the court does not accurately reflect the orders of the court as stated in its oral reasons for judgment. We note that the written judgment was approved by appellant's counsel and appears to us to accurately follow the trial judge's wishes. However, certain portions of the judgment appear to us likely to cause some confusion and conflict between the parties. Therefore, for the purpose of clarity, we amend paragraphs 1(a), (b) and (c) as follows:
1. Mrs. Hickman shall have the physical custody or possession of the child except Mr. Hickman will have the physical custody and possession during the following periods, to-wit:
(a) During the calendar months of September through May, for one week each month beginning at 6:00 p.m. on the first Friday of the month until 6:00 p.m. of the second Friday of said month.
(b) For one additional period each month during the months of September through May, beginning at 6:00 p.m. on the third Friday of the month until 6:00 p.m. the following Sunday.
(c) During the months of June, July and August, for two weeks each month, beginning at 6:00 p.m. on the first *143 Friday of the month until 6:00 p.m. of the third Friday of the month.
All other portions of the judgment shall remain unchanged.
Given the evidence that both parents deeply love their child and are quite capable of providing the child with a comfortable home environment, the award of joint custody in this instance was within the court's discretion. Judge Wyche's advice to the parties, given in his oral reasons for judgment, reflects our sentiments:
I do want to emphasize that this will work only if you work hard. Now both of you, and your attorneys have both asked you, if you will try to work at it. This means you are going to have to not be so suspicious and, of course, you are going to have to not give any reason to the other to be suspicious, but you are going to have to have some faith in this other person as the other parent of the child and you are going to have to put aside your personal animosities and try to work together for her interest. And that's not going to be easy. Its not easy to be a parent when you are married with your spouse and living together. I know it has to be more difficult when the other way is presented to you, but you are both parents and when I use the word "parents" I include in this case the grandparents who are so closely involved and will continue to be. The grandparents need to realize that it is the parents who have the final responsibility and the final say-so. The hard times that you have had with each other and the instances that have happened that have caused bad words and hard feelings and all I can say to you is that those things happen in most every life and I don't certainly mean to try to lecture to you, you know that, but you need to put these things aside and to do what you can of course, recognize that you are going to have to do it. That's just it, because you are still parents.
For the foregoing reasons the judgment of the lower court is affirmed as amended, at appellant's cost.
AFFIRMED AS AMENDED.