460 So.2d 1151 (1984)
Connie Louise Ellerbe ROBERTS, Plaintiff-Appellant,
v.
Michael Cromer ROBERTS, Defendant-Appellee.
No. 16652-CA.
Court of Appeal of Louisiana, Second Circuit.
December 5, 1984.
Johnny R. Boothe, Winnsboro, for plaintiff-appellant.
S.E. Lee, Jr., Winnsboro, for defendant-appellee.
Before HALL, MARVIN and JASPER E. JONES, JJ.
MARVIN, Judge.
The mother appeals that portion of a divorce judgment which removed the two children of the marriage from her sole custody and awarded joint custody to her and to the father. CC Arts. 146, 157. She also complains that the trial court erred in reducing the father's monthly support obligation by $82.
We find no error or abuse of discretion by the trial court and affirm. Turner v. Turner, 455 So.2d 1374 (La. 1984), Peters v. Peters, 449 So.2d 1372 (La. App. 2d Cir.1984).
CC Art. 146 "clearly provides ... only a presumption in favor of joint custody, *1152 [which] may be rebutted upon a proper showing that a different arrangement is in the child's best interest. Such a showing now must include a consideration of eleven specific ... factors, plus `any other factor' which the trial court deems ... relevant." The burden of proving that joint custody would not be in the best interest of the children is on the party seeking sole custody. Turner, supra, at 1379.
Each custody case, of course, must be determined on its own facts with much discretion being afforded the trial court. A plan of alternating living arrangements for the child is not, as a matter of law, either required or prohibited, and the overriding codal direction remains the best interest of the child. Peters, supra. Adams v. Adams, 441 So.2d 490 (La.App. 2d Cir.1983).
The children in this action were 1 ½ and 3-year-old boys. The trial court directed that the parties submit plans for joint custody for its consideration. The mother proposed, and urges here, a plan that would have the children spending six days with her and three days with the father. The trial court adopted a plan, essentially as proposed by the father, of alternate two week periods with each parent. The mother argues that the children have never stayed away from "home" more than three days and that a mother is often better suited to care for children of tender age. Plemer v. Plemer, 436 So.2d 1348 (La.App. 4th Cir.1983). Stability, of course, is a consideration, but CC Art. 146(A)(2) expressly forbids preferring a parent as the custodian because of that parent's sex. Turner, supra, at 1379.
These parents live about a mile apart. They attend the same church and are able to communicate with each other. The mother asserts that she has since married the man she had been living with and that the children enjoy a good relationship with him. The father lives with his parents, who also enjoy a close relationship with the children and who have adequate room and desire to accommodate them. A baby sitter, with whom the children are comfortable, is available and agreeable to sitting in either home. Also living in the mother's home is her brother, her male friend (or new husband) and his three-year-old son. The trial court characterized both parents as "intelligent and ... reasonable people." The father's residence with his parents is less permanent than the residence of the mother but that home is shown to be stable and comfortable and not detrimental to the children. Compare Adams, supra, where custody of a child under two years of age was jointly awarded both parents for substantially equal periods of time.
The father is employed as a maintenance man at a trailer factory and also part time as a disc jockey at a radio station, and earns $185 per week take home pay. The mother earns $858 per month net pay as a school teacher. Under the separation judgment, sole custody was vested in the mother with the father enjoying reasonable visitation (every other weekend) privileges. Her contention that the expenses of her household exceed her income is somewhat enervated by the presence of her brother, her new husband and his son in that household. The children are provided medical insurance coverage by their father.
Under the circumstances of this record, we find no error or abuse of discretion in the award of joint custody or in the reduction of child support from $182 to $100 per month.
At appellant's cost, judgment is AFFIRMED.