. NORRIS, Judge.
Mary Hall Juckett Woods appeals a judgment of the lower court ordering joint custody of the parties’ minor children, Rachel Michelle Juckett and William David Juck- *1098 ett. Appellee, Larry Ray Juckett, did not appeal or answer the appeal. Appellant claims that the award of joint custody is not in the best interest of the children. We disagree and affirm.
This case involves the custody of the parties’ nine year old daughter, Rachel Michelle Juckett and six year old son, William David Juckett. The parties were divorced by a judgment of the Twenty-Sixth Judicial District Court in Webster Parish on March 24, 1981. The judgment awarded the sole custody of the children to appellant subject to specific visitation rights of Mr. Juckett. His visitation consisted of the first and third week-ends of each month, two weeks each summer, Father’s Day, and alternating Easter, Thanksgiving and Christmas holidays. Mr. Juckett was also ordered to pay $350 per month child support. There' was no further litigation between the parties until this action was filed, and Mr. Juckett has faithfully fulfilled his child support obligation.
Upon learning of the amendment to articles 146 and 157 of Louisiana Civil Code, which introduced joint custody to our law, Mr. Juckett filed a rule requesting that the custody of the couple’s minor children be awarded to both parents jointly. Appellant answered that the sole custody arrangement granted in the original divorce decree was working satisfactorily and was in the best interest of the children. Both parties filed joint custody plans. After a trial on the rule, the lower court found that the presumption in favor of joint custody had not been rebutted, and entered a judgment awarding joint custody pursuant to a plan of implementation.
The court ordered implementation plan made the mother domiciliary custodian of the children during the nine months of the school year, and placed the children in the home of their father during the three summer months. Each parent was awarded visitation for their non custodial period. Mr. Juckett’s visitation consists of the first and third week-ends of the nine school year months. Mrs. Woods’ visitation consists of two weeks during the summer months. Provisions for the major holidays, including Father’s Day and Mother’s Day, were set out and alternated when appropriate. Other conditions of the plan include information exchanges between the parents and provisions for future changes of domicile. Additionally, Mr. Juckett’s child support payments were suspended during the summer months while he has physical custody.
Appellee resides and is employed in Tex-arkana, Texas. Mrs. Woods resides in Keithville in Caddo Parish. Both parties are now remarried. The distance between their two homes is approximately 70 miles. The evidence shows that both parties are morally fit to be parents. Each party believes the other cares for and loves the children and desires to do what is best for them. Both feel they are able to work together for the best interest of the children. Their past amicable relationship supports this contention. Both parties and their present spouses work. Both parties are quite capable of providing for the children’s material needs and have adequate arrangements for child care during the hours of their employment.
Based upon these facts, the trial court found the presumption in favor of joint custody had not been rebutted. Because both children are of school age, and considering the distance between the parties’ residences, the court awarded joint custody on a nine month-three month basis, in order that the children’s schooling would not be interrupted.
The law applicable in the instant case is La.C.C. arts. 146 and 157, as amended. Article 157 provides that in change of custody cases, after an original award, custody shall be granted to the parents in accordance with article 146. Article 146 provides that custody shall be awarded according to the best interest of the child, with joint custody to both parents being the first preference. This article establishes a re-buttable presumption that joint custody is in the best interest of minor children. Joint custody is defined therein as meaning that “the parents shall share the physical custody of children” and provides that *1099 “physical care and custody shall be shared by the parents in such a way as to assure a child of frequent and continuing contact with both parents.”
Every child custody case must be viewed within its own peculiar set of facts and relationships involved, with the paramount goal of reaching a decision which is in the best interest of the child. In all cases involving a child custody judgment, great weight is given to the trial court’s decision which will not be overturned in the absence of a clear abuse of the trial court’s much discretion. Stephenson v. Stephenson, 404 So.2d 963 (La.1981); Cleeton v. Cleeton, 383 So.2d 1231 (La.1980); Hickman v. Hickman, 459 So.2d 140 (La.App. 2d Cir.1984); Peters v. Peters, 449 So.2d 1372 (La.App. 2d Cir.1984); Adams v. Adams, 441 So.2d 490 (La.App. 2d Cir.1983).
Appellant claims an award of joint custody, after the long period of sole custody, would not be in the children’s best interest and that the sole custody enjoyed by her allowed the children frequent and continuing contact with their father. She cites the recent Supreme Court case of Turner v. Turner, 455 So.2d 1374 (La.1984) in support of her position. However, that case is distinguishable from the case at bar, in that the parties in Turner had residences in Louisiana and South Carolina, and a long history of serious disagreements involving the children. The court in Turner, supra, held that due to the great degree of animosity between the parties and distance between residences, a decree of joint custody would not be in the children’s best interest. Such is not the case here. The parties reside only 70 miles apart and have enjoyed an amicable relationship concerning the children in the past, with every indication that the relationship will continue.
Appellant also claims that the trial court was under the erroneous impression that an award of joint custody was mandatory under the terms of La.C.C. arts. 146 and 157. We disagree with her contention. The trial court recognized that joint custody is not mandatory by clearly stating in oral reasons for judgment that appellant had not rebutted the presumption in favor of joint custody announced by the Legislature in its amendment of the custody articles. Article 146 A(2) expressly places the burden of rebutting that presumption on appellant since she is the parent requesting sole custody. Because of her failure to rebut the presumption, the trial court was not clearly wrong in awarding custody to both parents jointly.
Appellate courts should be reluctant to interfere with a custody plan ordered by a trial court in the exercise of its much discretion. Custody decisions should only be overturned where a clear abuse of discretion is apparent. Hickman v. Hickman, 459 So.2d 140 (La.App. 2d Cir.1984). No such abuse of discretion is present in this case. Considering that both children are in school, that liberal visitation and sole custody had been harmoniously exercised, and that all parties appeared willing to work together for the best interest of the children, we find no abuse of the lower court’s discretion in its award of joint custody. Furthermore, the plan of implementation ordered by the lower court, in light of the circumstances of the instant case, is reasonable, feasible and appears to be in the best interest of the two children.
For the foregoing reasons the judgment of the lower court is affirmed at appellant’s cost.
AFFIRMED.