NORRIS, Judge.
Defendant-in-rule, Beth Riser Wiltshire, now Beth Riser Hancock, appeals a judgment of the lower court ordering joint custody of the parties’ minor child, Charlie Wayne Wiltshire, Jr. and ordering appellant to pay appellee child support. The issues before the court are:
(1) Whether the joint custody plan ordered by the trial court is in the best interest of the child; and
(2) Whether the trial court erred in ordering the wife to pay child support payments to the husband during the periods that he has physical custody of the child.
For reasons stated herein, we affirm in part and reverse in part.
FACTS
The parties were married on May 13, 1978. One child, Charlie Wayne Wiltshire, Jr. was born of this marriage on March 26, 1980. On June 16, 1983, Mrs. Hancock secured a divorce and was granted sole custody of the minor child, subject to reasonable visitation rights in favor of her husband. The judgment of divorce also ordered Mr. Wiltshire to pay his wife $150 per month child support.
On January 11, 1985, Mr. Wiltshire filed a rule to modify child custody, seeking joint custody of the minor child and attaching a proposed custody plan. Mrs. Hancock answered the rule, opposed joint custody and attached her own proposed plan of custody. The case was tried on a written stipulation of facts. The trial judge rejected both parties’ proposed plans of custody and rendered a judgment on April 16, 1985, setting forth the court’s own plan for joint custody-
*903 Under this plan, custody is with the mother during the school year, subject to visitation rights of the father every other week-end. Spring break is to be spent with the father and summer vacation is to be spend with the father, subject to visitation rights with the mother every other weekend. Holiday periods for Easter, Thanksgiving, Christmas, Father’s Day and Mother’s Day are spelled out in equally alternate periods. The trial judge further ordered Mr. Wiltshire to pay $150 child support per month to Mrs. Hancock during the school term and for Mrs. Hancock to pay Mr. Wiltshire $150 child support per month during the summer vacation.
Before we address appellant’s contentions, we briefly mention the significant facts as stipulated to in the record. Both parties are now remarried. They both have stable home lives and are both gainfully employed. They each own or rent homes which are sufficiently large to adequately accommodate the minor child. Child care arrangements have also been made by each parent for times when they have custody but are unable to tend to the child themselves.
Charlie, who is now five years old, has mostly resided with his mother since birth. After the parties’ divorce, Mr. Wiltshire regularly exercised his visitation rights. The parents now live about 160 miles apart.
Based upon these facts, the trial court found that both parties were equally fit parents and that joint custody was in the best interest of the minor child.
DISCUSSION
In her first assignment, appellant contends that the trial court erred in rejecting her plan of custody and in awarding joint custody to both parents. Essentially, she argues that since the child has, for the most part, resided with her since birth, and presently has a stable home environment, allowing the father to keep the child during the entire summer vacation is unreasonable and contrary to the child’s best interest.
The law applicable to this case is LSA-C.C. art. 146. Article 146 provides that custody shall be awarded according to the best interest of the child. Article 146 C then provides a rebuttable presumption that joint custody is in the best interest of the child. Joint custody is defined in article 146 to mean “the parents shall, to the extent feasible, share the physical custody of the children ... in such a way as to assure a child of frequent and continuing contact with both parents.” [Emphasis added.] LSA-C.C. art. 146 D; see also Peters v. Peters, 449 So.2d 1872 (La.App. 2d Cir.1984). The courts are not free to disregard this legislative mandate. Adams v. Adams, 441 So.2d 490 (La.App. 2d Cir. 1983); Plemer v. Plemer, 436 So.2d 1348 (La.App. 4th Cir.1983). In overcoming the rebuttable presumption that joint custody is in the best interest of the child, the parent requesting sole custody has the burden of proof. LSA-C.C. art. 146 A(2).
Each custody case must be viewed within its own peculiar set of facts and the relationships involved with the paramount goal of reaching a decision which is in the best interest of the child. Id. Each ease will depend upon the parties involved, their capabilities and deficiencies and other factors relevant to a particular child custody dispute. See LSA-C.C. art. 146 C(2). In all cases involving a child custody judgment, great weight is to be given to the trial court’s decision which will not be overturned in the absence of a clear abuse of the trial court’s much discretion. Peters v. Peters, supra; Adams v. Adams, supra; Plemer v. Plemer, supra.
Based upon our review of the record, we find no abuse of the trial court’s much discretion in awarding the parties joint custody of the minor child and in rejecting Mrs. Hancock’s proposed plan of custody. Considering both parents are remarried, have stable home lives and are both financially able to care for the child, we find the lower court’s plan reasonable, feasible and in the best interest of Charlie Wayne Wilt- *904 shire, Jr. See Carroway v. Carroway, 475 So.2d 48 (La.App. 2d Cir.1985), where under similar facts a comparable custody plan was approved by this court. Mrs. Hancock simply failed to produce sufficient evidence to overcome the presumption of joint custody-
In her second assignment of error, appellant contends the trial court erred in ordering her to pay child support payments during the periods that Mr. Wiltshire has physical custody. While at first glance this result appears equitable, there is no evidence in the record that Mr. Wiltshire requested this relief or that he even needs the monthly child support payments. Moreover, there is no evidence that Mrs. Hancock is financially able to make these payments. Given that this issue was not submitted to the trial court and the complete lack of any evidence to support it, we find the trial court committed manifest error in awarding Mr. Wiltshire child support payments. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).[1]
Finally, Mr. Wiltshire requests in brief that we modify the trial court’s ruling on the precise time that change of custody should take place on Christmas Day. He did not appeal nor answer this appeal so we decline to consider this request. LSA-C. C.P. art. 2133. However, as with some of the other specific terms of the plan, this is a matter the parties can resolve between themselves by mutual consent, or if absolutely necessary, by a court ordered modification. Accordingly, the trial court’s judgment is affirmed with regard to its ordered plan of joint custody, but reversed to delete the award of $150 child support to Mr. Wiltshire during the times that he has physical custody of the child, costs of the appeal are cast equally against the parties.
AFFIRMED IN PART; REVERSED IN PART AND RENDERED.

. Moreover, we note LSA-C.C. art. 146 A(l)(c) specifically provides there shall be no change in child support payments based solely upon the modification of a prior custody award to a joint custody award.