501 So.2d 955 (1987)
Guy Darren DAUGHERTY Plaintiff-Appellee,
v.
Holly Ann CROMWELL Defendant-Appellant.
No. 18298-CA.
Court of Appeal of Louisiana, Second Circuit.
January 21, 1987.
Charles A. Traylor, III, West Monroe, for defendant-appellant.
Blackwell, Chambliss, Hobbs & Henry by James A. Hobbs, West Monroe, for plaintiff-appellee.
Before HALL, FRED W. JONES, Jr. and NORRIS, JJ.
FRED W. JONES, Jr., Judge.
The mother appealed a joint custody judgment giving the father primary custodial status for the child of the marriage, with physical custody for nine months of *956 the year. We affirm for the reasons hereinafter explained.
The parties were married in 1978 and one daughter was born in 1980. The mother was granted sole custody after the 1982 divorce, but in 1983 the court decreed a joint custody plan of six months with the father and six months with the mother. In January 1986 the father petitioned to be named primary custodian and to modify the joint custody plan to a nine month/three month split in his favor with some intermittent visitation. The trial court held this plan to be in the best interest of the child. The mother appealed, arguing the court erred in modifying the plan and making the father the primary custodian.
La. Civil Code Article 157 provides that changes in child custody, after an original award, are to be made in accordance with La.C.C. Article 146. The latter article stipulates custody awards shall always be predicated upon the "best interests of the child". Neither party in this instance questions joint custody of the minor child, but the mother challenges the nine month/three month plan.
La.C.C. Article 146 defines joint custody as meaning "the parents shall share the physical custody of children" and provides that such sharing shall be done in a manner to assure a child of "frequent and continuing contact with both parents." The courts are not free to disregard this legislative mandate. Peters v. Peters, 449 So.2d 1372 (La.App. 2d Cir.1984).
Joint custody does not necessarily require an equal sharing of physical custody. Osborne v. McCoy, 485 So.2d 150 (La. App. 2d Cir.1986); Hickman v. Hickman, 459 So.2d 140 (La.App. 2d Cir.1984). Each case must be viewed in the light of its particular circumstances, including the child's age, the situation of each parent, and other relevant factors. Carroway v. Carroway, 441 So.2d 494 (La.App. 2d Cir. 1983). Finally, we recognize a trial court's award of custody is entitled to great weight and will not be disturbed unless a clear showing of abuse of discretion is made. Everett v. Everett, 433 So.2d 705 (La.1983).
The record in this case supports the finding that both parents love their daughter. The father has remarried, completed his college degree and taken a job with Bell South Services in Alabama. The mother has lived with two different men since her divorce and bore a child by one of them. She works for her father and has lived in a converted old hotel/post office with her two children.
We do not find, as the mother alleges, that the trial judge placed undue weight on her relationships with members of the opposite sex. Child custody is not a tool to regulate human behavior. However, a parent's status in regard to members of the opposite sex and the effect upon the minor child in his or her custody is certainly to be considered by the courts. Everett v. Everett, supra.
Likewise, we do not find that the trial judge ignored the mother's arguments in favor of stability and continuity of environment for the child. The child has lived in Louisiana all her life. While stability and continuity must be considered in determining what is in the best interest of the child, they are not the sole determinative factors. Indeed, they are but two of numerous considerations. La.C.C. Article 146 C.
Finally, the mother argues the child will be separated from her half-sister and separation of siblings is not favored. The mother cites Price v. Price, 451 So.2d 1187 (La.App. 1st Cir.1984), but neglects to mention that the Price court specifically noted that, while separation was not desirable, it was sometimes necessary and in the best interest of the child. We concur with the trial judge that separation in this case is in the best interest of the minor daughter.
Given the above circumstances, we find no error in the trial court's award of physical custody to the father for the school year. Awarding to one parent custody for a nine month school year is not necessarily an abuse of discretion under a joint custody *957 decree. Key v. Willard, 488 So.2d 1147 (La.App. 2d Cir.1986); Dungan v. Dungan, 499 So.2d 149 (La.App. 2d Cir.1986). See also Plemer v. Plemer, 436 So.2d 1348 (La. App. 4th Cir.1983).
The standard of appellate review of a child custody judgment is that great weight is given to the trial court's decision and that decision will not be overturned in the absence of clear abuse. Everett, supra; Key, supra.
Based on our review of this record, we find no abuse of discretion by the trial judge in finding that the best interest of the child lies in awarding primary custodial status to the father on a nine month/three month plan. Therefore, the judgment of the trial court is affirmed, at appellant's cost.