616 So.2d 276 (1993)
Tracy Clemons WINDHAM, Appellee,
v.
Donna Kay Johns WINDHAM, Appellant.
No. 24569-CA.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1993.
*277 Fewell & Rhymes by Richard L. Fewell, Jr., Monroe, for appellant.
Kitchens, Benton, Kitchens & Warren by Paul E. Kitchens, Minden, for appellee.
Before SEXTON, STEWART and WILLIAMS, JJ.
WILLIAMS, Judge.
The appellant, Donna Kay Johns Windham, appeals a judgment rendered in favor of appellee, Tracy Clemons Windham, granting the parties joint custody of their minor child, Tyler Windham with Tracy Windham designated as the primary domiciliary parent.
On appeal, appellant contends the trial court erred in severing the bond of mother and child when Tyler was accustomed to this bond. She argues the "best interest" of Tyler was not served by this severance. Finding no abuse of the wide discretion accorded the trial court in such matters, we affirm.

FACTS
Tracy Clemons Windham and Donna Kay Johns Windham were married on January 1, 1989 in Zephyr Cove, Nevada. Their only child, Tyler Carson Windham, was born October 5, 1989. During the early period of the marriage, Mr. Windham's work required that the family make several moves across the United States including moves to Susanville, Nevada; Bakersfield, California; Plain Dealing, Louisiana; New Mexico and Elk City, Oklahoma. Donna Windham and Tyler made each move with Tracy Windham.
The parties separated on or about June 5, 1991 when Donna Windham left the family home. Donna Windham kept Tyler Windham in her physical care, custody and control.
On June 28, 1991, Tracy Clemons Windham filed a "Petition For Divorce and Determination of Incidental Matters." In his petition, he sought custody of the minor child, alimony and child support. Donna Windham filed an "Answer and Reconventional Demand" also seeking custody of the minor child, child support and alimony pendente lite.
On September 5, 1991, the court ordered psychological evaluations for both parties, each of their parents, and the minor child. Dr. Gary Milford, a psychologist from Ruston, Louisiana, was designated as the court appointed expert. The examination was ordered as a result of accusations from both parties of alleged acts of physical abuse and neglect of the minor child by the other party.
On May 11, 1992, judgment of divorce was granted. The trial court granted the parties the joint care, custody and control of the minor child, Tyler. Tracy Clemons Windham was designated as primary domiciliary parent, subject to a joint custody plan which basically alternated custody between the parties at consecutive two week/one week intervals until further order of the court.[1]

*278 DISCUSSION
The appellant contends the trial court should have awarded primary domiciliary custody to her. She submits the "best interest" of Tyler Windham could only be served by awarding her primary domiciliary custody. Her position is substantiated by the testimony of Dr. Ned Jabour, a marriage and family counselor, who testified at trial that appellant and Tyler were bonded together and that this bond is necessary between a mother and any child (male or female) up until the age of approximately five years. The minor child, Tyler Windham, was two and one-half years of age at the time of trial. Appellant's position is premised on LSA-C.C. Art. 131 which sets forth important factors the courts should consider in determining custody of a minor child. These factors are:
a) The love, affection, and other emotional ties existing between the parties involved and the child.
b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his religion or creed, if any.
c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care, and other material needs.
d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.
e) The permanence, as a family unit, of the existing or proposed custodial home or homes.
f) The moral fitness of the parties involved.
g) The mental and physical health of the parties involved.
h) The home, school, and community record of the child.
i) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.
j) The willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent.
k) The distance between the respective residences of the parties.
The primary consideration in rendering a child custody determination is always the best interest of the child. LSA-C.C. Art. 131. In determining the best interests of a child in custody cases, there must be a weighing and balancing of factors favoring or opposing custody in respective competing parents on the basis of evidence presented in each particular case. Cooper v. Cooper, 579 So.2d 1159 (La.App. 2d Cir.1991).
In child custody cases, the decision of the trial court is to be given great weight and will be overturned only where there is a clear abuse of discretion. Thompson v. Thompson, 532 So.2d 101 (La.1988); Lee v. Davis, 579 So.2d 1130 (La.App. 2d Cir.1991).
In Pahal v. Pahal, 606 So.2d 1359 (La.App. 2d Cir.1992), this court stated that joint custody contemplates a sharing of physical contact with the children, although an equal sharing of custody is not mandated. Foy v. Foy, 505 So.2d 850 (La.App. 2d Cir.1987); Hickman v. Hickman, 459 So.2d 140 (La.App. 2d Cir.1984). Substantial time rather than strict equality of time is mandated by the legislative scheme providing for joint custody of children. Carroway v. Carroway, 475 So.2d 48 (La.App. 2d Cir.1985). Every child custody case must be viewed on its own peculiar set of facts and the relationships involved, with the paramount goal of reaching a decision which is in the best interest of the child. Appellate courts should be reluctant to interfere with custody plans ordered by the trial courts in the exercise of their discretion. Hickman v. Hickman, supra. Great weight is given to the trial court's decision which will not be overturned absent the showing of an abuse of discretion. Stephenson v. Stephenson, 404 So.2d 963 (La.1981).
*279 In the instant case, the trial court heard the expert opinion of the court appointed psychologist, Dr. Milford, who felt that, in terms of nurturing, the plaintiff, Tracy Windham, was the stronger of the two parents. Further, in response to the court's question, "Where should he (the minor child) lay his head the most?", Dr. Milford stated, "I would say Mr. Tracy Windham's house."
Also, the trial court heard the testimony of another expert witness, Dr. Donald Heacock, a board certified social worker and minister. He supported the ability and disposition of the appellee, Tracy Windham, to give the child love, affection and guidance and to provide the child with food, clothing, medical care, and other material needs.
There was conflicting testimony presented by the expert and lay witnesses and the trial court made findings of fact based upon the testimony of witnesses it found to be the most credible. From the evidence presented at trial, including the testimony of the expert witnesses, this court can find no "abuse of discretion" in the trial court's decision. The trial court noted that the testimony of these expert witnesses indicated that the majority of the important factors listed in Louisiana Civil Code Article 131 pointed toward an award of joint custody and most of the factors were present as characteristics in the father of Tyler Carson Windham.
In order for this Court to find merit in appellant's assignment of error upon which it could reverse the opinion of the trial court and interfere with the joint custody plan, the plaintiff must show, and this Court must find, that there was an abuse of discretion in the trial court's findings of fact and consequent conclusion that joint custody should be awarded and that Tracy Windham should be named as primary domiciliary parent. That this court might make a different credibility call or draw a different inference from the evidence is not a sufficient basis for reversal, if it finds that the trial court's evaluations are reasonable conclusions from the evidence as a whole.
Here, the trial judge stated that he generally believed young children of tender age should be with the mother rather than with the father. However, the trial court noted that it found Dr. Milford's testimony very convincing. Dr. Milford testified that the child was better bonded with the father and that the child should primarily be with his father. The court also believed that the families of both Donna Johns Windham and Tracy Windham were supportive and loved the child, but, the court noted that "[t]he Windham's support group was a little bit ahead of the Johns' support group." One important factor underlying the trial court's broad discretion in child custody cases is the trial court's better opportunity to evaluate the credibility of the witnesses. Peyton v. Peyton, 457 So.2d 321 (La.App. 2d Cir.1984); Sherman v. Sherman, 441 So.2d 469 (La.App. 2d Cir.1983). While a certain amount of deference must be given expert medical testimony, courts cannot abdicate their decision making responsibilities in favor of the medical profession but must consider all factors present in the case. Peyton v. Peyton, supra.
The trial court's decision to award joint custody to the parties with Tracy Windham designated as primary domiciliary parent, was made after all of the evidence was diligently reviewed. The trial judge noted that he had reviewed notes from all of the witnesses who testified at trial. Even though appellant argues that the record is replete with evidence of physical and mental abuse both she and Tyler received, the trial court concluded that these alleged instances of any abuse against the child by the father were unsubstantiated by the evidence presented at trial. The trial court noted that Tracy Windham had been physically abusive to Donna Windham. In fact, the trial court reprimanded the appellee in open court. However, his finding that the minor child had not been physically abused by his father is clearly supported by the evidence. The trial court also stated that the mother had prevented the father from seeing the child. We also note that a frequent and continuing relationship with both parents is the primary aim of the joint custody provision of LSA-Civil Code Article 131.
*280 It is reasonable for the trial court to make its findings based upon witnesses which it found more credible and convincing. The trial court is vested with broad discretion in deciding child custody cases. Because of that tribunal's better opportunity to evaluate witnesses, and taking into account the proper allocation of trial and appellate functions, great deference is accorded to the decision of the court. Sherman v. Sherman, supra. Under the facts and circumstances of this case, there is no abuse of discretion or clearly wrongful finding by the trial court, and thus no reversible error. Further, we find no abuse of the trial court's discretion in ordering the two week/one week intervals of physical custody for this child and we refuse to interfere with the trial court's joint custody plan.
From a review of the evidence and the record, we cannot say the trial court's finding that it is in the best interest of the minor child that both parties should be awarded joint custody with Tracy Windham designated as primary domiciliary parent was clearly wrong. Under such circumstances, we find no manifest error.

CONCLUSION
For the above stated reasons, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] In the "Judgment of Divorce" filed on May 11, 1992, paragraph A of the joint custody plan reads as follows:

A. For the remainder of 1992, TYLER CARSON WINDHAM (hereinafter referred to as "Tyler") shall remain with DONNA KAY JOHNS WINDHAM (hereinafter referred to as "Mrs. Windham") for two weeks and then shall remain with TRACY CLEMONS WINDHAM (hereinafter referred to as "MR. WINDHAM"). (R. p. 28).
At the conclusion of the evidence, the trial court made the following ruling concerning the joint custody issue:
For the balance of 1992, it's going to be two weeks to her [Mrs. Windham] and one week to him [Mr. Windham]. Starting in January of [19]'93, it's going to be two weeks with him [Mr. Windham] and one week to her [Mrs. Windham], with the exception being it will be just switched during the three summer months. And then she'll [Mrs. Windham] will have too week[s] and she'll [sic] [Mr. Windham] have one week. (R. p. 609).
It is clear that the written "Judgment" filed on May 11, 1992, is somewhat different from the oral judgment rendered in open court after trial on the issue of physical custody of the minor child. However, appellants do not assign this discrepancy as error nor do they argue this issue in brief. Therefore, this issue is not properly before this Court.