GOTHARD, Judge.
Defendant, Antoine Markhoul, appeals a judgment of the trial court awarding sole custody of his minor child to plaintiff, Rebecca Markhoul. We affirm.
The parties were married on January 16, 1982 in Pearcy, Arkansas. Subsequently, the couple moved to St. John the Baptist Parish in Louisiana, where they resided as husband and wife until their separation in June of 1992. During the marriage the couple had one son, Antoine Markhoul, Jr. At the time of the separation, Mrs. Markhoul moved back home to Arkansas with her son. She filed for divorce in Louisiana shortly thereafter. The custody matter was heard on July 17, 1992. After all of the testimony was offered, the trial court granted Mrs. Markhoul provisional custody of the child with visitation on alternating weekends to Mr. Markhoul. The court withheld judgment on the issue of permanent custody pending submission of mem-oranda by both parties. That ruling was not reduced to judgment until December 23, 1992.
After a hearing on December 23, 1992, a mutual fault divorce was granted and Mrs. Markhoul was granted sole custody of the minor child, subject to reasonable visitation in favor of Mr. Markhoul. Mr. Markhoul appeals that judgment as it applies to custody.
The primary consideration in an award of custody is the best interest of the child. LSA-C.C. Art. 131, Windham v. Windham, 616 So.2d 276 (La.App. 2nd Cir.1993), writ denied 620 So.2d 876 (La.1993). A determination of the best interest of the child involves weighing and balancing certain factors, and is based on evidence presented in the case. Windham v. Windham, supra. The factors to be considered are set forth in Art. 131 as follows:
(a) The love, affection, and other emotional ties existing between the parties involved and the child.
(b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his religion or creed, if any.
(c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care, and other material needs.
(d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.
(e) The permanence, as a family unit, of the existing or proposed custodial home or homes.
(f) The moral fitness of the parties involved.
(g) The mental and physical health of the parties involved.
(h) The home, school, and community record of the child.
(i) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.
(j) The willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent.
(k) The distance between the respective residences of the parties.
(Z) Any other factor considered by the court to be relevant to a particular child custody dispute. However, the classification of persons according to race is neither relevant nor permissible.
LSA-C.C. art 131 creates a rebutta-ble presumption that an award of joint custody is in the best interest of the child. However, Section K of that article dispenses with that presumption in situations where one of *1245 the parties has taken up residence out of state after the court has made an award of joint custody. That rationale also applies when one of the parties moves out of state before an award of custody has been made. Melancon v. Bergeron, 598 So.2d 694 (La.App. 3rd Cir.1992).
In the reasons for judgment the trial court recognized that it was not bound by the presumption and stated; “Joint custody also presupposes that the parties will co-operate with one another on major issues concerning the minor child such as education, medical, dental and religious concerns. This court has carefully observed the parties, and find that they do not communicate with each other.”
The evidence presented at trial shows that Mrs. Markhoul returned home to Arkansas with her child in June, 1992 when' her marriage failed. She lives there in a comfortable home and has enrolled the child in school in Arkansas. Mrs. Markhoul considers Arkansas to be her home and has extended family members there which include her parents and siblings. She works part time at a plant nursery and states that she has sufficient means to support herself and her child.
Mr. Markhoul owns a restaurant in La-Place. He often works seven days a week for long hours. In fact, there is evidence that the nature of his work and the commitment of time it requires was a source of contention in the marriage. Mr. Markhoul owns a comfortable home in LaPlace and could provide the child with a suitable home. There is nothing in the record to indicate that either parent .is unfit.
Mrs. Markhoul testified that she was concerned that Mr. Markhoul would take their son to Israel and not return. She stated that he threatened to do so to prevent her from seeing her child again. Mr. Markhoul admits Israel is his home and his parents still live there. He stated that he has often said that he is dissatisfied with the educational system in the United States and would send his son to college in Israel. However, he denies threatening to move back there with his son to deprive his wife of contact with her son.
In a child custody case, the decision of the trial court is to be given great weight and will be overturned only where there is a clear abuse of discretion. Thompson v. Thompson, 532 So.2d 101 (La.1988); Hicks v. Hicks, 594 So.2d 532 (La.App. 5th Cir.1992). Given the law and the evidence in this case we cannot rule that the trial court abused its discretion in awarding sole custody.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.