444 So.2d 283 (1983)
Donnie Ray JOHNSON
v.
Rhonda Allen JOHNSON.
Rhonda Allen JOHNSON
v.
Donnie Ray JOHNSON.
Nos. 83 CA 0661, 83 CA 0662.
Court of Appeal of Louisiana, First Circuit.
December 22, 1983.
Richard A. Schwartz, Amite, for Donnie Ray Johnson.
Jonathan R. Schmidt, Hammond, for Rhonda Allen Johnson.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
LOTTINGER, Judge.
This is a custody case wherein the mother-appellant contends the trial judge was clearly erroneous in his interpretation of the facts upon which he based his award of physical custody to the father and additionally that the trial judge was in error in awarding the father physical custody for a period of one week prior to the commencement of the school year and extending to one week after the ending of the school year.
The two children involved are both boys Scott, age 14 and Clint, age 9. The trial judge found both parents to be good parents capable of caring for their children. At the time of trial the children were living in the family home with each parent having physical custody for alternating one week periods at the family home pursuant to a pendente lite custody order. Except for the initial trauma of the parents' separation, both youngsters were doing fine in school. The trial judge questioned the older boy as to his preference of which parent he wished to live with and Scott said his father because of the activities they could engage in. Clint wanted to be with his older brother. The appellant admitted the father was a good parent, however she did complain about the condition of the family home after the father's one week visit with the boys. By remaining with the father in the family home, both youngsters would continue in familiar surroundings.
Trial judges are granted a great amount of discretion in custody matters and their decisions should not be disturbed unless it is clear and evident that they have abused that discretion by not considering *284 the best interests of the child or children involved.
We have studied the record and the trial judge's reasons very closely, and must conclude that his decision is correct. We believe he has complied with the spirit of La.Civ.Code art. 146. The trial court decision provides for the continuing stability of these two youngsters by awarding joint custody to the parents with physical custody in the father during the school year and visitation by the mother-appellant every other weekend. Additionally, the parents will alternate holidays, and the mother will have physical custody during the summer months. For the above reasons the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.