DUFRESNE, Judge.
This is an appeal by Clare O’Neal Slack, plaintiff-appellant from a judgment awarding joint custody of two minor children to her and her former husband, Darren J. Slack, defendant-appellee. Also at issue is the termination of child support payments to Clare Slack. Because we find no clear abuse of the trial court’s discretion, we affirm both the award of joint custody and the termination of child support.
*178 The parties were married in 1970, and a daughter and son were born of this marriage. These children are now twelve and ten years old. In January 1981, the parties were judicially separated, and a final divorce judgment was rendered in August 1981. By mutual agreement custody of the children was granted to the mother, with reasonable visitation privileges by the father. In November 1981, child support by the father was fixed at two hundred dollars per month for each child.
The present phase of this litigation began in February, 1983, when the mother filed a motion for increase in child support. The father reconvened seeking a reduction in support payments, and further prayed that joint custody be awarded to him and the children’s mother. A plan of implementation was submitted by him whereby the children would spend alternating two week periods with each parent.
After an extensive hearing, the trial judge concluded that the best interests of the children would be served by granting joint custody to both parents according to the father’s plans. He also concluded that the circumstances of the parties, as well as the joint custody arrangement, dictated that no child support be awarded to either parent.
The mother now appeals alleging that:
1.) The award of joint custody is contrary to law and not in the best interests of the children, and;
2.) It was error to terminate child support payments.
We first note that the standard of appellate review in child custody cases is that great weight must be given to the trial court’s decision, and that decision will not be overturned in the absence of a clear abuse of the trial court’s discretion, Stephenson v. Stephenson, 404 So.2d 963 (La. 1981). We also point out that under the present Civ. Code arts. 146 and 157, there is a rebuttable presumption that joint custody is in the best interest of the children. Articles 146(D) further provides that ‘ “joint custody” shall mean that the parents shall, to the extent feasible, share the physical custody of the children.’
In the present case, we find no abuse of the trial court’s discretion in his awarding of joint custody. The custody plan at issue here was submitted by the father and provides an even division of physical custody between the two parents. Basically, the children are to reside with each parent for alternating two week periods. In regard to this plan, the mother contends first that such an arrangement is (‘split custody” rather than “joint custody” as provided by art. 146, and second, that this shuttling of the children back and forth will be detrimental to their well being.
In regard to her first argument, we disagree with her interpretation of the law. As noted above, art. 146(D) defines joint custody as a sharing of the children’s physical custody. It further states that “physical care and custody shall be shared by the parents in such a way as to assure a child of frequent and continuing contact with both parents.” In our opinion, the statute obviously contemplates that under appropriate circumstances the children shall reside for a time with each parent. While we agree with the mother that there is no requirement that there be an exact 50-50 sharing of custody, we disagree with her further assertion that there cannot be such a sharing without adversely affecting the best interests of the children. Peters v. Peters, 449 So.2d 1372 (La.App. 2nd Cir. 1984); Adams v. Adams, 441 So.2d 490 (La.App. 2nd Cir.1983).
The second assertion made by the mother in regard to the custody arrangement is that the children’s best interest are not being served. However, on the record before us we cannot say that the trial judge abused his discretion in ordering this plan. Although there are no written reasons for the judgment in the record, it is manifest from the transcript of the proceedings that careful inquiry was made into all of the factors enumerated in art. 146(C)(2).
That transcript shows that both parents are happily remarried, financially sound, *179 and maintain stable homes in proximity to the children’s school and friends. Both also exhibit love and affection for the children, and a genuine concern and willingness to.nurture and guide them as they grow. Both the parents and their present spouses appear to have the physical and moral fitness to rear the children and the present spouses are both willing to undertake the additional responsibilities that joint custody entails. Both parents are in agreement that the children should have a close and continuing parent-child relationship with the other parent, and encourage and facilitate such a relationship.
Finally, under the prior custody agreement, the children spent considerable time on weekends and during vacations with their father and his present wife, with no determinable ill effects to their psychological well being or school work.
On the other hand, the only ostensibly rebuttal evidence to the joint custody plan was testimony by Edith Schulhafer, a social worker. Although she admitted that she had no first hand experience with how joint custody arrangements affect children, she was nonetheless of the opinion that any plan of alternating custody would create adverse anxieties in children. Implicit in her opinion, of course, is that the legislature was wrong in enacting the joint custody statute.
In our opinion, the trial judge did not abuse his discretion in obviously concluding that this general objection to the statute did not rebut the presumption that joint custody is in the children’s best interest.
The mother also urges in brief here that since implementation of the custody plan, the children are being adversely affected by anxiety. Whatever the truth of that assertion, this is not the proper court in which to raise that issue, Cf. La.Civ.Code art. 146(E).
The final issue here is whether the trial court abused its discretion in eliminating child support payments to the mother. The evidence adduced at trial indicates that since the original November, 1981 order of child support, the mother of the children has remarried. The combined income of the mother and her present husband is approximately $58,000 per year. The father and his present wife have a joint income of about $38,000 per year. Considering the expenses of both households as shown at trial, we perceive no abuse of the trial court’s discretion in eliminating child support payments to the mother. Prudhomme v. Prudhomme, 381 So.2d 906 (La.App. 3rd Cir.1980); Marcus v. Burnett, 282 So.2d 122 (La.1973).
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.