SAVOIE, Judge.
This case involves a dispute over the custody of the three minor children of the appellant, Robert H. Stewart, and the ap-pellee, Gloria H. Stewart. The parties were granted a divorce in October of 1981, in which the custody of the children was granted to Mrs. Stewart. On May 20, 1983, Mr. Stewart filed a petition for joint custody. A judgment was rendered on November 7, 1983, and signed on November 15, 1983. This judgment granted joint custody to Mr. and Mrs. Stewart. Among other things, the judgment gave physical custody to the father for a period commencing fifteen days after the conclusion of the spring semester and terminating fifteen days prior to the commencement of the fall semester. The mother was to keep physical custody during the school year. Additionally, the non-custodial parent was to have visitation on alternate weekends. The father has appealed only that portion of the judgment which gives the mother custody during the entire school year. Under the plan suggested by the father, each parent would have custody for one semester per school year.
The children involved in this case are one boy, age 15, and two girls, ages 10 and 7. The record shows that the children were happy and well adjusted. The school work of the children (especially the girls) was quite commendable. The record also indicates that Mr. Stewart, who has remarried, still lives in close proximity to Mrs. Stewart. Mrs. Stewart testified that the children are free to visit and spend time with Mr. Stewart whenever she has physical custody of the children. The children did not testify at the hearing.
The applicable law in this case begins with La.Civ.Code art. 157(A) which states: “In all cases of separation and divorce, and change of custody after an original award, permanent custody of the child or children shall be granted to the parents in accordance with Article 146.” The pertinent part *61 of La.Civ.Code art. 146 states: “A. If there are children of the marriage whose provisional custody is claimed by both husband and wife, ... custody shall be awarded in the following order of preference, according to the best interest of the children: (1) To both parents jointly.” (Emphasis added).
In the present case, the trial court was favorably impressed by both parents. The trial court, therefore, followed the legislative mandate and awarded joint custody. The trial court then found the best interests of the children served by keeping the children in the same home during the school year.
Trial judges are granted a great amount of discretion in custody matters and their decisions should not be disturbed unless it is clear and evident that they have abused that discretion by not considering the best interests of the child or children involved. Johnson v. Johnson, 444 So.2d 283 (La.App. 1st Cir.1983).
In the present case, the record supports the decision of the trial court. The father will have physical custody of the children during the summer months, on alternate holidays, and on alternate weekends during the school year. The mother will have physical custody during the school year and alternate weekends during the summer months. This joint custody arrangement seems to be in the best interest of the children, in that it will not disrupt their school schedules. Also, it allows time for both parents to share in the upbringing of the children. Thus, this joint custody plan is certainly within the spirit of La.Civ.Code art. 146. The decision of the trial court is affirmed. Appellant is to pay all costs.
AFFIRMED.