SHORTESS, Judge.
Patricia Galloway Griffith (plaintiff) and Dr. Gilbert Griffith (defendant) each appeal the judgment of the trial court which (1) granted defendant a divorce on the ground of adultery; (2) awarded joint custody of the two children, Catherine and Christopher, to both parties (defendant was given primary custody with plaintiff having custody on the first, second and third weekends of each month, with several particular enumerated holidays to be alternated yearly between them); (3) awarded plaintiff $500.00 per month per child in child support; and (4) assessed a fine against defendant for removing the children from plaintiff’s provisional custody in contempt of court.[1]
Plaintiff-appellant specified seven trial court errors:
(1) The District Court erred in failing to find a reconciliation between the parties after the act of adultery occurred.
(2) The District Court erred in failing to grant appellant a separation based upon appellee’s mental cruelty towards appellant.
(3) The District Court erred in failing to grant alimony pendente lite to Appellant.
(4) The District Court erred in failing to award Appellant primary custody in its joint custody plan.
(5) The District Court erred in granting Appellee the use of the family residence.
(6) The District Court erred in awarding insufficient child support.
*1024 (7) Alternatively, the District Court erred in setting the visitation priv-ledges (sic) of Appellant too restrictively in its joint custody plan.
Defendant assigned as error only the award to plaintiff of $500.00 per month per child in child support, claiming it to be an abuse of discretion and requesting that we reduce that award to $100.00 per month per child.
PLAINTIFF’S ASSIGNMENT NO. 1
That plaintiff engaged in one adulterous relationship is undisputed and was in fact admitted by her at trial.[2] Plaintiff claimed that she was unfaithful to defendant on one occasion only which occurred while they were physically separated and that she told defendant about it when they reconciled. His response, according to her testimony, was that they would never discuss it again. On the other hand, defendant testified that plaintiff only told him about her infidelity after their last separation on July 3, 1983, the day he admitted her to Parkland Pavillion Hospital. At that time, according to his testimony, she told him she had been having a problem with adultery since the beginning of their marriage and admitted a specific affair. The trial court chose to believe defendant, and we have found nothing in the record or in plaintiffs brief that would lead us to conclude that the court was manifestly erroneous in this factual finding. We therefore affirm the judgment granting defendant immediate divorce. LSA-C.C. art. 139.
ASSIGNMENT NO. 2
Considerable testimony was elicited at trial regarding the personal conflicts between plaintiff and defendant, both in support of and to counter the allegations in plaintiffs petition of mental cruelty. The trial court, after discussing the adultery issue, found that “it would serve no useful purpose at this time to discuss the issues presented in the wife’s petition for separation.”
LSA-C.C. art. 160 allows a spouse who “has not been at fault” in a divorce to receive alimony from the other spouse. In her petition for separation plaintiff prayed for permanent alimony; defendant at no point in either his answer or original and .supplemental petitions requested alimony. Although unlikely, it is conceivable that defendant could one day seek alimony from plaintiff, should the financial circumstances of the two change sufficiently. In that event, it will be defendant’s burden to prove himself “without fault.” LSA-C.C. art. 160; Bruner v. Bruner, 364 So.2d 1015 (La.1978); Rodrique v. Rodrigue, 424 So.2d 1185, 1187 (La.App. 1st Cir.1982) (and citations therein). We find this assignment without merit.
ASSIGNMENT NO. 3
Plaintiff claims that she is entitled to $2,000.00 per month alimony pendente lite, should we reverse the trial court’s judgment of divorce and grant plaintiff her separation. Since we have taken neither action, we need not address this assignment.
ASSIGNMENT NO. 4
Both parties’ briefs support the award of joint custody; however, plaintiff’s brief appeals the award of “primary custody” to defendant. Presumably, this assignment refers to the court’s decision that the children should “reside principally” with defendant. Plaintiff maintains that the evidence regarding defendant’s attitudes toward and treatment of the children and her show that it is not in the children’s best interest under LSA-C.C. art. 146(C)(2) to reside principally with defendant. More particularly, she alleges that he lacks concern for his children’s emotional well-being; that he does not desire to facilitate a close *1025 parent-child relationship between her and the children; that he lacks “basic parenting skills” and the ability to deal with the children maturely; that the “long hours” he must spend at his veterinary clinic (45 hours per week) show he lacks the time necessary to raise two small children.
We have reviewed carefully the supporting evidence cited to us by plaintiff, as well as the other parts of the record dealing with the relationships between the members of this family, and we have noted the trial court’s concern with the future moral, educational and philosophical environment of the children. We conclude that the court was not clearly wrong to fashion the joint custody decree as it did. While we note some problems with defendant’s treatment of the children, particularly his heavy-handed teasing, we also are mindful that no parent is perfect. The trial court found that defendant was a fit and loving parent, a “contented workaholic,” who would be assisted in raising the children by his mother, described by the court as “a mature well-educated, healthy and articulate person with high moral values.” The court found plaintiff to be a fit and loving parent, but noted that her “lifestyle, education, background and outlook on life, while not to be condemned, in contrast offers much less.” Our review of the record reveals that in none of these findings was the court clearly wrong.
ASSIGNMENT NO. 5
Plaintiff urges that we grant her use of the family home should we transfer “primary custody” of the children to her. Since we uphold the trial court’s joint custody decree, and since we find that it was not an abuse of discretion to award defendant use of that home as the “principal residence pending a community property settlement,” we find this assignment to be without merit.
ASSIGNMENT NO. 6
Plaintiff’s request for increased child support (from $500.00 per child per month to $1,500.00 per child per month) is supported only by the statement that she “should additionally be granted” this amount if we “grant [her] prayer for primary custody.” Accordingly, this assignment is without merit.
ASSIGNMENT NO. 7
Plaintiff claims the trial court abused its discretion in “not including Halloween and Valentine’s Day as holidays in the joint custody plan.” The argument in brief supporting this assignment is that “[t]hese two represent times when, traditionally, parents and children interact and plan joint activities. It is to these times that the children will reminisce in years to come. To deprive their mother of the opportunity to share in these holidays is clearly an abuse of discretion.”
We note that the holidays specified for alternating visitation in the trial court’s joint custody decree (in addition to the weekends and six summer weeks) are the children’s birthdays, Christmas, New Year’s Eve and New Year’s Day, Easter, Independence Day, Labor Day, and Thanksgiving Day. As defendant’s brief points out, the two contested days are not generally school holidays. Alternating visitation on these days could disrupt the children’s schooling, a result clearly not in their best interest. We find no abuse of discretion in the court’s leaving these days out of the custody decree. This assignment has no merit.
DEFENDANT’S ASSIGNMENT OF ERROR
Defendant claims that the award to plaintiff of $500.00 per child per month in child support is an abuse of discretion. He points out that he is responsible for their medical care, educational costs, food, clothing, and incidental expenses while they reside with him. He also claims there is “absolutely no evidence of [plaintiff’s] child care costs under the present living arrangements.”
Regarding the latter claim, we find in the record photocopies of affidavits executed *1026 by plaintiff and an assortment of bills, all claimed to be evidence of the “Monthly Expenses” plaintiff incurs. While not all of the submitted bills are for child rearing or “monthly” expenses, we note that defendant has failed to attack their evidentia-ry sufficiency, his specification of error claiming only that there is “absolutely no evidence” (emphasis his) of plaintiffs child care costs.
We disagree with defendant and find that the submitted affidavits, bills and testimony regarding them provided the trial court with some evidence upon which to base an award of child support, and that it was not an abuse of its discretion to fashion an award based on this evidence. This part of this assignment is without merit.
We likewise find defendant’s complaint that the award is excessive to be without merit. The amount of support required of a parent is determined by considering both the need of the child and the circumstances of the parent obligated to pay. Flynn v. Flynn, 434 So.2d 1161 (La.App. 1st Cir.1983). Joint federal income tax returns for plaintiff and defendant in 1979-1982 show total income figures averaging just over $40,000.00 per year. We note that the jurisprudence has upheld awards of $150.00 and $200.00 per month per child even when the payor was unemployed (Goins v. Goins, 437 So.2d 947 (La.App. 2nd Cir.1983) and Hendrick v. Hendrick, 441 So.2d 2 (La.App. 3rd Cir.1983), respectively).
We find the support award made by the trial court was not an abuse of discretion, and we affirm that award.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.

. The trial court in its written reasons for judgment had "little trouble" finding defendant guilty of two counts of contempt of court for violating the provisional custody granted plaintiff on May 16, 1983, and for "removing the hinges from the garage to remove items on the home premises, all without prior knowledge or consent of [plaintiff],” who had been granted use of the house. It ordered defendant to serve 72 hours in the Parish jail on each count or to pay plaintiff $500.00 per count "in attorney fees" within 72 hours of the signing of the judgment. Neither party has appealed this part of the judgment.

. The mere admission by a spouse of adultery would not by itself constitute grounds for divorce. Heard v. Heard, 424 So.2d 1177 (La.App. 1st Cir.1982). In this case counsel for both parties stipulated at trial that plaintiffs correspondent, whom they named, would (if called) testify that he had had sexual intercourse with plaintiff at the time (during the marriage) she specified in her testimony. We consider this sufficient corroboration.