469 So.2d 398 (1985)
Eva BROOKS, Plaintiff-Appellant,
v.
Charles BROOKS, Defendant-Appellee.
No. 84-364.
Court of Appeal of Louisiana, Third Circuit.
May 15, 1985.
*399 Richard V. Burnes and Vivian Whittle, Alexandria, James R. Mitchell, Leesville, for plaintiff-appellant.
Asa Skinner, Leesville, for defendant-appellee.
Before DOMENGEAUX, DOUCET and YELVERTON, JJ.
DOUCET, Judge.
Eva Brooks appeals a grant of joint custody of the two minor children of her marriage to Charles W. Brooks.
Appellant filed a petition for separation from Charles W. Brooks on October 18, 1983. She sought sole custody of the two children of the marriage; Nicole Brooks and Charles B. Brooks. The children were eight and two years of age, respectively, at the time the petition was filed. Mr. Brooks reconvened, asking for joint custody.
A hearing was held on the custody issue on December 9, 1983. The trial judge took the matter under advisement. After indicating that he had not ruled out the possibility of sole custody, the judge, nonetheless, instructed each party to submit a plan of joint custody, taking into account all of the factors suggested in La.C.C. art. 146(A)(1). The proposed plan submitted by Mrs. Brooks called for joint decision-making with physical custody to Mrs. Brooks and visitation for Mr. Brooks on alternating weekends and for alternating weeks during the summer months. In his reasons for judgment, the trial judge rejected this plan as merely paying lip service to the idea of joint custody while giving sole custody to Mrs. Brooks. He then granted joint custody, essentially implementing a plan submitted by Mr. Brooks.
The trial court's judgment provides for custody to alternate between the two parents every two weeks. It further provides for the sharing of holiday custody, joint decision-making and joint access to educational and medical records. Under the judgment, neither parent may remove the children from the jurisdiction of the trial court without the consent of the other parent. Mrs. Brooks appeals this judgment.
The best interest of the child is the sole criterion in deciding child custody. La. C.C. art. 146. A trial court's decision with regard to child custody is entitled to great weight upon appellate review. The trial court "... is in a better position to evaluate the best interests of the children from his total overview of the conduct and character of the parties and the children and of community standards. His discretion on the issue will not be disturbed on review in the absence of a clear showing of abuse thereof." (citations omitted). Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971). Therefore, we will not disturb the trial court's determination unless a clear showing of abuse of discretion is made. Everett v. Everett, 433 So.2d 705 (La.1983). Mrs. Brooks' arguments reveal no such abuse of discretion.
She first argues that the trial court should have first disposed of the possibility of sole custody before requiring the submission of a proposed plan of joint custody. La.C.C. art. 146 provides in part that:
"If there are children of the marriage whose provisional custody is claimed by both husband and wife, the suit being yet pending and undecided, custody shall be awarded in the following order of preference, according to the best interest of the children:
(1) To both parents jointly. The court shall, unless waived by the court for good cause shown, require the parents to submit a plan for implementation of the custody order, or the parents acting individually or in concert may submit a custody implementation plan to the court prior to issuance of a custody decree."
The trial judge is not required to dispose of the possibility of granting sole custody before considering joint custody. Joint custody is to be considered in preference to any other custody alternative under the provisions of La.C.C. art. 146. Both Mr. and Mrs. Brooks were given the opportunity at the custody hearing to present evidence as *400 to what custody arrangement would be in the best interest of the children. No evidence was offered that Mr. Brooks was in any way unfit for custody. After hearing all the evidence, the trial judge properly required each parent to submit a joint custody plan. No abuse of discretion occurred.
Mrs. Brooks next argues that the trial judge erred in implementing a plan of joint custody which provides that custody alternate between the parents every two weeks. The primary purpose of La.C.C. art. 146 is to promote the children's best interest by allowing the physical care and custody of the children to be shared by the parents so that the children have frequent, continuing contact with both parents. While joint custody does not mandate an equal sharing of the children's time, it does not preclude an equal sharing arrangement where appropriate. Peters v. Peters, 449 So.2d 1372 (La.App. 2nd Cir.1984).
According to the trial court record, Mr. and Mrs. Brooks live within a mile of one another. Under the arrangement provided in the custody judgment, the children will be able to continue to attend the same school without interruption. In addition, the record reveals that during the marriage both parents were responsible for the daily physical care of the children. Under the circumstances, we cannot say that it was an abuse of discretion to provide that the custody of the children is to alternate between the parents every two weeks.
Finally, Mrs. Brooks argues that it was error to incorporate into the custody judgment a provision prohibiting either parent from removing the children from the jurisdiction of the trial court without the consent of the other parent. La.C.C. art. 146 mandates that the physical care and custody of the children be shared by both parents in a way that guarantees the children frequent and continuing contact with both parents. In addition, the court's judgment provides that decisions of long term consequence, including decisions regarding travel, be made by both parents jointly. It is a logical extension of these provisions that a decision to remove the children from the jurisdiction of the courts, which is the domicile of both parents, for any extended period, should be a joint decision. We conclude that the trial judge did not abuse its discretion requiring the consent of both parents in order to remove the children from the jurisdiction of the trial court.
For the above and foregoing reasons, we affirm the trial court's judgment. Costs of this appeal are assessed against the appellant.
AFFIRMED.
DOMENGEAUX, J., dissents and assigns reasons.
DOMENGEAUX, Judge, dissenting.
This case was decided by the trial judge prior to the Louisiana Supreme Court case of Turner v. Turner, 455 So.2d 1374 (La. 1984). Turner, it seems to me, eliminated to some extent the uncertainties which were prevalent generally among district judges, and that was, ___ there was little choice involved in custody matters, ___ joint custody pretty well had to be utilized under the amended La.C.C. Art. 146. I fear that the district judge of this case was under that same uncertainty. In view of this I would reverse the district court's decision and remand the case for reconsideration under the guidelines of the Turner case. Probably the district judge would grant custody to one or the other of the parents, which I submit, would be in order.
In addition to all of this I find it unrealistic, even though joint custody was utilized, to place these children alternatively with each parent every two weeks. Children are not chattels, and should not be subjected to residential change every two weeks, under any pretext.