EDWARD A. DUFRESNE, Jr., Judge Pro Tem.
Debra Prejean (defendant) appeals a judgment of the trial court granting joint custody of David Corey Speyrer, the only child born to her and her former husband David Speyrer (plaintiff).
Plaintiff and defendant physically separated in 1978; at this time David was two years old and remained with his mother. Later, in the judgment of separation, custody was granted to the defendant, and then in 1981, the plaintiff was granted a divorce, but was silent as to the issue of custody.
On August 30, 1984, plaintiff filed a rule for joint custody, which included a proposed plan and asked for a proportionate reduction in child support for the time David would reside with him. On September 20, 1984, the trial court granted joint custody to the parents with a proportionate reduction in support.
In that judgment, the court outlined the proposed plan of joint custody as follows:
“A.) Mother is to be domiciliary and primary custodian with physical access by her to child except that father is to have access as follows:
1.) For three (3) months beginning in October, 1984, father is to have physical access from 5:00 o’clock p.m. on the first (1st) and third (3rd) Fridays of each calendar month until 5:00 o’clock on the respective Sunday;
2.) For the next three (3) months, father is to have access for the first full week of each calendar month plus one (1) week-end with a week intervening between the full week and the weekend;
3.) For the next three (3) months, father is to have access for two (2) straight weeks at the beginning of each calendar month;
4.) Thereafter, father is to have physical custody every other calendar month;
5.) Parents are to alternate having access on major holidays beginning with Thanksgiving, 1984.”
From this judgment defendant has appealed. The crux of this appeal is a determination of whether the trial court’s decision to grant joint custody was in the best interest of David Speyrer. Secondary, is whether the joint custody arrangement is just and fair, and whether a proportionate reduction in child support was necessary.
It is undisputed that plaintiff and defendant have lived separate and apart since October 5, 1978, and since that time, David has lived with his mother and his maternal grandparents (defendant’s parents) in Washington, Louisiana. Plaintiff, who has remarried lives in Palmetto, Louisiana.
By joint stipulation, the parties agreed that the homes of the mother and father are satisfactory domestic environments in which to raise the child.
Basically, the defendant has challenged joint custody on the grounds that David was well adjusted, happy, made good grades in school, and because David had limited contact with his father for the prior 6 years and expressed a desire to remain with his mother.
Although David has been under the sole custody of his mother for the past 6 years, the father has continued to remain in contact with his son over that period. The father indicated to the trial court that he made several visits each year with his son, some of them were overnight camping trips.
It was during this period that the plaintiff was rebuilding his life after the divorce from defendant. He remarried in early 1984 and established a permanent and good home in Palmetto, approximately fifteen (15) miles from defendant’s domicile. He testified that he has a steady job with sufficient income to support his new family and his son. Both he and his present wife love David and he desires to establish a closer father-son relationship. He admit *758 ted that visitation was not as frequent as he desired. Now he desires to share the love, affection, emotional ties, and admiration of a father and share with the mother the joy and satisfaction of raising and supporting their son.
The plaintiff, as a father, feels that David is now at an age where he is developing an interest in sporting and various other activities which are suited to the father-son relationship. He asserts that the love, affection and admiration which David holds for his father, is necessary to help his emotional, physical and psychological needs and desires. He asserts that joint custody would not only serve the best interests of David, but at the same time would serve the best interest of the family relationship he desires with his son. The plaintiff also recognizes the needs of the child to be with his mother and her needs for the love and care of her child. For this reason, he wishes to share these benefits with her under a joint custody plan.
The defendant asserts that the last six years of custody, the child’s good grades in school and his own alleged preference to remain with his mother require this court to reverse the decision of the trial court.
The plaintiff has no desire to remove David from his environment. The “environment” is the totality of David’s surroundings, of which the residence is only a small part. The plaintiff lives only fifteen miles away from David’s mother. He will be attending the same school, be associating with the same friends, be living in almost the same locality, be close to all sides of his family and will still be in a position where his physical care and custody will be shared by the parents in such a way as to assure the child of frequent and continuing contact with both parents, which is after all the purpose of Civil Code Article 146, Lachney v. Lachney, 446 So.2d 923 (La.App. 3rd Cir.1984).
The appropriate standard to be applied by the trial court in determining the custody of a child of a dissolved marriage is that of the “best interest of the child”. This standard is repeated throughout Civil Code Article 146, and is the sole criterion to be met in making the award, Turner v. Turner, 455 So.2d 1374 (La.1984).
The trial court decided to award the parents joint custody of David, which is the preferred custodial arrangement under Article 146. We agree with this determination.
The burden of rebutting the statutory presumption in favor of joint custody is on the parent requesting sole custody. Here, the defendant must show that a consideration of 11 factors specifically enumerated in Civil Code Article 146, plus any “other factors” deemed relevant by the trial court would make sole custody the preferable plan for David.
The trial judge’s position in custody matters is a difficult one. For the court must act as a “trustee” and preserve the rights of the child, especially when the parents are in conflict and outwardly exhibiting animosity and hostility. “It is the child’s emotional, physical, material and social well-being and health which are the judge’s very purpose in child custody cases”, Turner, supra.
Moreover, the trial court's discretion in custody matters is entitled to great weight and should not be disturbed on appeal, unless a clear showing of abuse of discretion is made, Everett v. Everett, 433 So.2d 705 (La.1983).
After review of the record, we find no error with the trial court’s decision.
Since the enactment of Civil Code Article 146, we have customarily interpreted it to mean a physical sharing of the child, but not necessarily equal sharing. We must examine on a case by case standard the age, location of parents, desires and economic situation of the parents, as well as other pertinent factors.
Additionally, the parents must participate as co-tutors in decisions affecting the child’s life.
Obviously, no plan is ideal nor possibly resolves the myriad of human conflicts which will certainly arise, however, if the *759 plan allows time for both parents to share a reasonable extent in the child’s rearing and falls within the spirit (and letter) of the law, it will be upheld, Black v. Black, 460 So.2d 1175 (La.App. 2nd Cir.1984).
It is clear that the trial court as it is to this court, that the defendant failed to successfully rebut the statutory presumption in favor of joint custody. Our review shows that both parents love David, and are genuinely concerned with his future emotional, physical and educational well-being.
We have reviewed the record and conclude that the court was correct to fashion a reasonable plan for joint custody, Griffith v. Griffith, 464 So.2d 1022 (La.App. 1st Cir.1985).
For the foregoing reasons, the trial court’s judgment is affirmed.
AFFIRMED.
GAUDIN, J. Pro Tem., dissents with written reasons.