499 So.2d 1037 (1986)
Carl R. HULL, Plaintiff-Appellee,
v.
Tommye W. HULL, Defendant-Appellant.
No. 85-997.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1986.
*1038 Michael H. Davis, Alexandria, for defendant-appellant.
Ralph W. Kennedy, Alexandria, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and YELVERTON, JJ.
YELVERTON, Judge.
Carl Hull filed a rule in the trial court seeking sole custody of the two children of his marriage to Tommye W. Hull McGlothlin. As a result of the hearing the trial court modified the previous custody arrangement, which had been sole custody to the mother and weekend visitation to the father, to a joint custody 50-50 split between the mother and father. The mother appealed.
The main issue is whether the equal split of physical custody, which will necessitate a change of schools for both children each semester, is in their best interest.
The parents were divorced in 1980. They had two children, Randy, then five, and Jason, then three.
In the judgment of divorce the trial court awarded sole custody of both children to Mrs. McGlothlin, giving Hull reasonable visitation. The children had lived with their mother since the couple separated in 1978.
In the first three years following the divorce the father failed to regularly pay child support. He had been ordered in 1980 to pay $150 per month lump sum for support of both children. He did not pay the court ordered support every month. Mrs. McGlothlin was forced to file three different contempt rules in an effort to collect back due child support. In June 1983 the trial court ordered Hull to pay $2500 in back due child support. At that time, Hull was given specific visitation rights every other weekend, for four weeks during the summer, and on alternating major holidays.
During the first five years after the Hulls' separation in 1978, Hull seldom visited his sons. On cross-examination he admitted that months would go by during which he did not attempt to visit them. His explanation for this was that he did not know where Mrs. McGlothlin and the children were living. Of his own admission, however, he never tried to find out from Mrs. McGlothlin's parents the whereabouts of his ex-wife and children. After the contempt rule in 1983, in which Mr. Hull was given specific visitation rights, he began to visit the children more regularly, with the full cooperation of Mrs. McGlothlin.
Since the divorce in 1980 Mrs. McGlothlin has given birth to two other children out of wedlock. She later married the father of the first child, Gary McGlothlin. They are *1039 now divorced. Mrs. McGlothlin was never married to the father of the second child.
Mrs. McGlothlin, Randy, Jason and her other two children live in her parents' house. There are five adults and six children living in the home, including Mrs. McGlothlin's parents and other collateral relatives. The home has four bedrooms and one bath. Mrs. McGlothlin testified that she is now living there out of necessity while she works and attends LSU-A to become an LPN. At the time this case was heard she had two semesters left to finish, and she told of plans to get her own place when she graduated.
Her sister, Monica, babysits the children when Mrs. McGlothlin is at school or work. The children's teachers testified that both children are clean and well-kept, and that they are polite and have satisfactory table manners.
Both children have repeated one grade. Mrs. McGlothlin had Randy repeat the first grade because of a late birthday; Randy was young for the first grade. Jason failed the second grade in the spring semester of 1985. The custody battle which is the subject of this appeal was taking place during that spring semester.
Mrs. McGlothlin testified that she or one of her family take Randy and Jason to church every Sunday, as well as other church activities. Hull does not attend church.
Hull now lives in Pineville and Mrs. McGlothlin lives in the adjacent city of Alexandria, Louisiana. There is no evidence in the record of the actual distance between the two residences. They live in different school districts. Splitting custody equally between the two parents means that Randy and Jason have to change schools each semester.

Assignment of Error No. 1
Appellant asserts in her brief that the trial judge was without authority to supply his own joint custody plan, since he did not first require the parties to submit a plan, nor did he waive the requirement for good cause shown. Appellant's argument is without merit.
La.Civ. Code art. 157 makes Civ.Code art. 146 applicable to a change of custody after an original award. Article 146 provides in part that "[t]he court shall, unless waived for good cause shown, require the parents to submit a plan for implementation of the custody order ..."
Both parents in this case sought sole custody. One of the purposes of asking the parents to formulate a plan is to help the court determine the parties' ability and desire to cooperate and to study the particulars of the plan to insure that the best interest of the child is served. Lake v. Robertson, 452 So.2d 376 (La.App. 3rd Cir. 1984).
The legislative policy underlying the presumption that joint custody is in the best interest of the child is that a child needs frequent and continuing contact with both parents. La.Civ. Code art. 146(D). Since neither Mr. Hull nor Mrs. McGlothlin were willing to share the physical custody of the children with the other, it is highly unlikely that any plan they could have devised, if indeed they could have agreed at all, would have been of any help to the trial judge in determining the best interest of the children. The record shows good cause for the trial judge to have waived the requirement of submission of a plan by the parents. For this reason we find that the trial judge did not commit manifest error in formulating his own joint custody plan.

Assignment of Error No. 2
The main contention on appeal is Mrs. McGlothlin's complaint that the trial judge erred in splitting custody equally between the parents because the children will be forced to change schools every semester. We agree with Mrs. McGlothlin that under the particular circumstances of this case a 50-50 split of custody is not in the best interest of these children.
The best interest of the child is the appropriate standard in determining custody of a child of a dissolved marriage, *1040 and joint custody is the preferred arrangement. Speyrer v. Prejean, 487 So.2d 756 (La.App. 3rd Cir.1986). Joint custody requires a physical sharing of the children as well as participation by both parents in decisions affecting the children. Joint custody does not mean that custody must be shared on a 50-50 basis. Meylian v. Meylian, 478 So.2d 218 (La.App. 3rd Cir.1985).
Stability and continuity are important considerations in determining what is in the best interest of the child. Everett v. Everett, 433 So.2d 705 (La.1983).
We recognize that the children's academic performance has been poor. We disagree, however, that living six months of the year with their father, with the concomitant necessity of changing schools every semester, will provide an atmosphere for improvement. It is disruptive enough to take an elementary age child from a school to which he is accustomed and force him into a totally new school environment even once. Few would dispute that forcing him to change schools twice every year would be an educational calamity.
There are some recent cases in which a 50-50 sharing of custody has been found to be in the best interest of the child. Brooks v. Brooks, 469 So.2d 398 (La.App. 3rd Cir. 1985); Black v. Black, 460 So.2d 1175 (La. App. 2nd Cir.1984); and Roberts v. Roberts, 460 So.2d 1151 (La.App. 2nd Cir.1984). In none of these cases did the custody plan require the hardship of the children being forced to change schools each semester.
In Brooks and Black, each court specifically mentioned, in upholding the plan, that the 50-50 sharing of custody did not require a change of schools. In Black, Judge Jasper Jones went so far as to say that if the children had to change schools when they changed residences, he might not find that to be in their best interest. In Roberts, supra, the children were not yet of school age and the parents lived only about a mile apart.
The trial judge is vested with great discretion in matters of child custody and his findings will not be overturned in the absence of manifest error. Lachney v. Lachney, 446 So.2d 923 (La.App. 3rd Cir. 1984), writ denied 450 So.2d 964 (La.1984). However, we find that the 50-50 split of custody in this case results in putting the Hull children in the universally unacceptable situation of having to change schools twice a year. This is not in the best interest of these children and the decision to require it is manifestly erroneous.

DECREE
For the reasons assigned, the judgment of the trial court is reversed insofar as it changes the custody of the children from their mother, Tommye W. Hull McGlothlin, to a 50-50 joint custody arrangement between the mother and the father, Carl Hull. It is ordered that a joint custody physical division of the children be made along the lines of the school year to the mother and the summertime to the father, with appropriate visitation rights to each parent. It is ordered that the children be returned to their mother upon finality of this decision. The case is remanded to the trial court for further proceedings in accordance with law. Costs of this appeal are assessed against Carl Hull.
REVERSED AND REMANDED.
DOMENGEAUX, J., concurs.