GUIDRY, Judge.
The plaintiff-wife sued for a separation on grounds of cruelty and alternatively for mutual fault of the parties. The husband reconvened alleging adultery on the part of the wife. Both parties sought the custody of their 4½ year old son. The trial court found that the proof of adultery was insufficient and granted a separation decree based on mutual fault. The parties were awarded joint custody of the child, with the wife having domicilary or physical custody during most of the year, subject to liberal visitation rights of the husband. The latter has appealed. We affirm.
The trial judge did not believe the testimony of the co-respondent, who first denied, but about four months later when the parties were separated, admitted to the husband, once his good friend, that he had committed an act of adultery with the wife. Nor was the judge impressed with the questionable corroborative testimony of the husband. Under our jurisprudence, the testimony of a co-respondent must be weighed with great caution and the trial judge’s finding on this factual question will not be disturbed upon appellate review unless manifestly erroneous or clearly wrong. Olivier v. Abunza, 226 La. 456, 76 So.2d 528 (1954). We cannot say from the evidence in the record that the judge was clearly wrong in this instance.
It is now well established that the best interest of the child is the sole criterion in determining to whom his or her custody is to be awarded. Also, such determination by the trial judge is entitled to great weight and will not be disturbed in the absence of a clear showing of abuse of discretion in this regard. Everett v. Everett, 433 So.2d 705 (La.1983).
In this case, it was not proved that the mother was unfit or incapable. The trial judge found that both parties were capable of caring for the child, with some help from their relatives, and concluded that the child’s best interest would be served by the joint custody decree mentioned above. While this is a close case, we are not convinced that the trial judge abused his discretion in this regard and, therefore, affirm the decision of the district court.
The costs of appeal are assessed to the appellant.
AFFIRMED.