YELVERTON, Judge.
This is a child custody case. The father, defendant-appellant, brings this appeal contesting the trial court award of joint custody and he seeks sole custody of the four year , old child of the marriage between him and his former wife.
At the time of the parties' divorce in 1984 the child, Buddy Lee, was nine months old. The trial court awarded custody to both parties, decreeing that the mother have primary physical custody due to the child’s tender age, and that the father have reasonable rights to custodial periods. The father was ordered to pay $100 a month child support which, apparently, he has faithfully paid.
In early 1985, Mr. Hoffpauir filed a motion seeking sole physical custody of Buddy Lee. He alleged a change of circumstances resulting from the remarriage of his ex-wife. After a hearing the trial court modified its previous custody order, granting each party equal custodial rights of alternating weeks and holidays. In his reasons for judgment the trial court found it significant that Buddy Lee had strong emotional ties to his father’s family and to his maternal great-grandmother.
A few months later in April 1985, Mrs. Hoffpauir (now Thompson) filed a motion seeking sole custody, alleging that her planned move to Denver necessitated a modification of the previous alternating weeks plan. She also alleged that since she had quit work, she could now be a full-time housewife and mother.
After trial on the rule the trial court again modified the custody order, this time providing for alternating four month periods of custody to each parent. In the minute entry, the trial court acknowledged that Buddy Lee had lived in the Crowley area all his life; he had a stable home environment there; he had a large peripheral family and was particularly close to his great-grandmother, who babysat with Buddy Lee whether he was staying with Mr. or Mrs. Hoffpauir that week. Because of all these ties and because the trial court found it desirable that a stable, home environment *1126 continue, it declined to award sole custody to the mother.
Likewise, the trial court declined to award sole custody to Mr. Hoffpauir. The court found that the child should be given the opportunity to develop and maintain a close relationship with his mother. The court noted that a close mother-child relationship should not be prevented simply because the mother has seen fit to move to Colorado and that it would not be in the best interest of the child to deny custody to the mother.
In its brief, appellee argued that the trial court improperly considered the rights of the mother to a relationship with the child rather than what was in the best interest of the child.
Based upon these considerations, the trial court determined that joint custody was in Buddy Lee’s best interest and it fashioned a custody plan as follows:
“The parties shall exercise joint legal custody over the child. Each parent shall have physical custody of the child for a period of four (4) months. Damon Hoffpauir shall have physical custody for the first four months, commencing June 1, 1985. Travel costs incurred in transporting the child to and from the mother’s home in Colorado shall be paid by the mother. The non-custodial parent shall have reasonable visitation privileges during the period the other parent has physical custody. Such visitation shall be at the expense of the non-custodial parent. The parties are ordered to confer freely between themselves in arriving at mutually agreeable visitations. Neither party is required to pay child support to the other parent. The custodial parent shall be required to pay for the expenses of the child which arise during the period the child is in that parent’s custody. The court suggests that each party maintain health insurance on the child.”
Although the trial judge’s reasons do indicate that he considered the mother’s rights, we do not think the trial court was clearly wrong in finding that a continuing relationship with his mother would be in the best interest of Buddy Lee.
The best interest of the child is the sole criterion in making an award of custody. The trial court’s determination on that matter is entitled to great weight and will not be disturbed in the absence of a clear showing of abuse of discretion. Everett v. Everett, 433 So.2d 705 (La.1983).
The record in this case shows that both parties are morally fit and love the child and both are capable of providing a stable home environment. We cannot say that the trial judge abused his discretion by finding the joint custody plan detailed above would be in the best interest of the child. Vidrine v. Vidrine, 497 So.2d 59 (La.App. 3rd Cir.1986). For that reason, we affirm the judgment of the trial court, subject to the following considerations.
We recognize that as of the time of this opinion, Buddy Lee is four years old and not yet of school age. Since the issue has not been presented, we are not empowered to make a determination of whether the alternating four month plan will be in the child’s best interest when he begins the first grade and must adhere to the school-year schedule. However, we advise the trial court that should either parent seek further modification of the joint custody decree due to any disruption the present plan may cause when the child begins school, it will be helpful to consider our opinion in Hull v. Hull, 499 So.2d 1037 (La.App. 3rd Cir.1986). In that case we found that a six month alternating custody plan which necessitated a change of schools each semester was too disruptive to be in the best interest of the children involved.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.