521 So.2d 656 (1988)
Claude M. SWOPE
v.
Lisa Gay Whittle SWOPE.
No. 87 CA 0741.
Court of Appeal of Louisiana, First Circuit.
February 23, 1988.
*657 Cameron B. Simmons, Jeanerette, for appellee.
Thomas L. Mahfouz, Lippman, Mahfouz, Martin & Larocca, Morgan City, for appellant.
Before WATKINS, CARTER and FOIL, JJ.
WATKINS, Judge.
This is a child custody proceeding. The issue presented by this appeal is whether the trial court's joint custody implementation plan, alternating school years between a mother living in New Orleans and a father living in Franklin, Louisiana, is an abuse of discretion.
Claude M. Swope, plaintiff, and Lisa Gay Whittle Swope, defendant, were married on February 27, 1981 and one child, Kansas Cole Swope, was born of their marriage on December 2, 1981.
On August 17, 1985, the plaintiff was granted a divorce and both parties obtained joint care, custody and control of the minor child in accordance with an implementation plan that was to be submitted within thirty days from the date of rendition of the judgment of divorce. No joint custody plan was ever agreed upon by the parties. Notwithstanding the absence of a joint custody implementation plan, the plaintiff and defendant shared custody of the child with the the plaintiff having physical custody one week every month and the defendant having physical custody all other times. This custody agreement continued until the child began nursery school in September of 1986 and the defendant requested that the plaintiff restrict his visitation to weekends so the child would not miss nursery school. This agreement lasted until October of 1986 when the plaintiff refused to return the child after his weekend of custody. Thereafter, the plaintiff and defendant agreed on alternating two-week periods of custody.
Since August 1, 1986, the defendant has resided in New Orleans, and is employed in a managerial position with Hit or Miss Corporation. She began her employment with Hit or Miss Corporation in September of 1985 in Lafayette, Louisiana, and was thereafter transferred to New Orleans by said corporation. The defendant shares a three bedroom apartment in the downstairs of a home with a female roommate. The home is located near Audubon Park and has a fenced backyard. During the time the child resides with his mother he attends the Jewish Community Center pre-school close to his home.
The plaintiff, now remarried, has at all times maintained residency in Franklin, Louisiana, where he owns his own home. At the time of hearing he had been employed as a bricklayer for approximately eight months, and had previously been employed offshore. His present wife is unemployed and has no other children.
On March 27, 1986 the plaintiff filed a rule to establish the joint custody implementation plan that was previously ordered by the Court. A trial on the merits was held on November 24, 1986 and judgment *658 rendered on February 25, 1987. The judgment provided in pertinent part that:
A. The parties are both fit and proper persons to have the care, custody and control of the minor child of the marriage. The legal custody should be joint and shared....
C. (i) Mother shall begin physical custody and control of the child for the 1986-1987 school year, alternating yearly thereafter with the Father (1987-88 school year);
(ii) One parent shall have physical custody and control of the child for the nine (9) months during the school year, with the other parent exercising visitation with the child on alternating weekends;
(iii) The parent who does not have custody during the school year shall have visitation with the child for the first (1st) half of the summer and for the week over the Christmas holidays;
(iv) The above schedule is not intended to be inflexible, but is intended to be flexible depending on the circumstances in any given instance;
(v) The other parent shall have the other one-half (½) of the summer prior to the school year;
(vi) All other major holidays shall alternate between the parties.
Defendant-appellant has filed this appeal, contending that the specific provisions of the custody award with respect to alternating custody between the parties for each school year is not in the best interest of the minor child. Plaintiff-appellee has not appealed from the judgment of the trial court.
Louisiana Civil Code article 157(A) provides that "[i]n all cases of separation and divorce, and change of custody after an original award, permanent custody of the child or children shall be granted to the parents in accordance with Article 146." Under Article 146 the standard to be applied by the trial court in determining the custody of a child of a dissolved marriage is that of the "best interest of the child". Turner v. Turner, 455 So.2d 1374 (La. 1984). The "best interest of the child" is of paramount importance transcending all rights and preferences of the parents and should be the sole criterion in making an award of custody. Id. This standard applies as well to the implementation plan of a joint custody award. In determining the best interest of the child the trial court is guided by the factors enumerated in Article 146(C)(2).
(2) The presumption in favor of joint custody may be rebutted by a showing that it is not in the best interest of the child, after consideration of evidence introduced with respect to all of the following factors:
(a) The love, affection, and other emotional ties existing between the parties involved and the child.
(b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his religion or creed, if any.
(c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care, and other material needs.
(d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.
(e) The permanence, as a family unit, of the existing or proposed custodial home or homes.
(f) The moral fitness of the parties involved.
(g) The mental and physical health of the parties involved.
(h) The home, school, and community record of the child.
(i) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.
(j) The willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent.
(k) The distance between the respective residences of the parties.
(l) Any other factor considered by the court to be relevant to a particular child custody dispute. However, the classification *659 of persons according to race is neither relevant nor permissible.
Although joint custody means a physical sharing of the child in addition to both parents' participation in decisions affecting the child's life, it does not necessarily mean a fifty-fifty sharing of time. Each case will depend on the child's age, the parents' situations, and other factors relevant to a particular child custody dispute. Pevey v. Pevey, 484 So.2d 959 (La. App. 1st Cir.1986).[1]
We recognize that the trial court has much discretion in awarding and implementing child custody awards. Stephenson v. Stephenson, 404 So.2d 963 (La.1981); Hatchett v. Hatchett, 449 So.2d 626 (La. App. 1st Cir.1984), writ denied, 457 So.2d 11 (La.1984). However, based on the particular facts of this case we find that the trial judge abused the much discretion vested in him by implementing a joint custody plan which alternates a school-age child between parents who live over 100 miles apart. As stated in LSA-C.C. art. 146(D), "`joint custody' shall mean the parents shall, to the extent feasible, share physical custody of the children of the marriage." (Emphasis added.) We find that it is not feasible to require a child of this age to change schools and households every year. While this may seem like the only fair thing to do when the court finds that both parents are fit to care for the child, we are convinced it is not fair to the child to require him to adapt to the changes required when physical custody is alternated each school year, necessitating the child attend different schools. Therefore, we find the provision of the joint custody implementation plan providing for alternating physical custody of the minor child, every nine month school year, not to be in the best interest of the child.
We do not go so far as to say that the distance between the parents of itself rebuts the presumption of an award of joint custody. However, we find that the distance does prevent a fifty-fifty sharing of physical custody where the child is of school age. Although divided physical custody is an option in some circumstances, we note that the courts have been willing to "split the child" only when the parents live a short distance from one another and the child is not required to attend different schools. Meylian v. Meylian, 478 So.2d 218 (La.App. 3d Cir.1985); Brooks v. Brooks, 469 So.2d 398 (La.App. 3d Cir. 1985); Roberts v. Roberts, 460 So.2d 1151 (La.App. 2d Cir.1984); Peyton v. Peyton, 457 So.2d 321 (La.App. 2d Cir.1984); Duhe v. Duhe, 451 So.2d 1198 (La.App. 5th Cir. 1984); Black v. Black, 460 So.2d 1175 (La. App. 2d Cir.1984), writ denied, 463 So.2d 1318 (La.1985)[2]; Slack v. Slack, 458 So.2d 177 (La.App. 5th Cir.1984).
Furthermore, we note a recent decision of the Third Circuit finding a trial court's joint custody implementation plan, awarding physical custody to each parent on an equal basis, not in the children's best interest where the children would be forced to change schools twice a year. Hull v. Hull, 499 So.2d 1037 (La.App. 3d Cir.1986). We agree with the court's statement that forcing the children to change schools every semester would be an educational calamity. Id. at 1040.
Although the trial court judgment in the present case concluded that both parents *660 were fit, it failed to state its reasons for this decision. The court also failed to explain why the joint custody plan providing for alternating school years would be in the best interest of the child. We find that the evidence presented at the hearing on the rule to establish a joint custody implementation plan shows that both parents love and care very deeply for their child. The evidence also establishes that each parent is financially capable of providing the child with the necessities of life. The child has his own bedroom in both homes and attends excellent pre-school and kindergarten programs while residing with either parent. Although the child has resided with his mother for a majority of the time since his parents divorced, his father has maintained a continuing close relationship through weekly and weekend visits.
In sum, although the record supports the trial court's finding that both parents were fit, the record also established that the plaintiff and defendant disagree on some aspects of raising their child and have occasionally had difficulty in communicating with each other.
The hearing to establish the joint custody plan was held on November 24, 1986. Since more than a year has passed we are unwilling to decide so important an issue as which parent should have custody during the school year on this relatively stale record.
Among our concerns are the relatively short work history of both parents with their present jobs,[3] the fact that the minor child is now of school age, the willingness of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent, and the performance of the child in school.
For the reasons assigned, the judgment of the trial court is reversed insofar as it alternates the physical custody of the child every school year. It is ordered that the case be remanded to the district court for further proceedings consistent with the views expressed herein. Costs of this appeal are assessed equally against the plaintiff and defendant.
REVERSED AND REMANDED.
NOTES
[1] This court pointed out in Pevey, supra:

Many joint custody plans provide for physical custody with one parent during nine months of the year corresponding to the school year, with the child residing with the other parent during three months corresponding to the summer vacation months. Meylian v. Meylian; Hatchett v. Hatchett, 449 So.2d 626 (La.App. 1st Cir.1984), writ denied, 457 So.2d 11 (La.1984); Johnson v. Johnson, 444 So.2d 283 (La.App. 1st Cir.1983). The nine month-three month custody plans are desirable when the parents live in different cities, different states, or when one of the parents lives relatively far away from the child's school.
Id. at 962.
[2] The court in Black noted that "[i]f the children were required to change schools when they changed residences, pursuant to the joint custody award, we might agree that the joint custody award ordered by the trial court is not in the best interest of the children. However, the children will be able to attend the same school regardless of which parent has physical custody." Id. at 1179-1180.
[3] At the time of the hearing, the defendant had a relatively short employment work history with her present employer, and the plaintiff testified that he had only recently been employed as a bricklayer.