559 So.2d 9 (1990)
David HARPER
v.
Samantha HARPER.
No. CA 89 1207.
Court of Appeals of Louisiana, First Circuit.
February 21, 1990.
Francis Touchet, Livingston, for plaintiff-appellant David Harper.
Clara Toombs, Hammond, for defendantappellee.
Before EDWARDS, LANIER and FOIL, JJ.
EDWARDS, Judge.
David and Samantha Harper were married on November 3, 1984. One child, David Harper II, was born in 1985.
On February 24, 1988, Mr. Harper filed suit for divorce, or alternatively, separation, and prayed for custody of the minor child. A judgment of legal separation was rendered on October 28, 1988, and signed November 2, 1988. After a custody hearing, the trial court awarded the parties joint custody by a judgment rendered on January 23, 1989, that alternated six-month periods of physical custody between the parties until January 1, 1990. On that date, Mrs. Harper was designated as the domiciliary parent for the school year. The father, Mr. Harper, would have the child for the period "beginning one week from the end of the school year until three *10 weeks before the school year begins." Holidays and weekends were shared equitably.
Plaintiff, David Harper, appeals. He assigns error to the trial court's naming of the mother as the domiciliary parent beginning January 1, 1990.
At the time of the trial, Mr. Harper was 24 years old and earned approximately $1,000 a month. In each month, he worked for three weeks on the day shift and one week on the night shift. Mr. Harper lived in a mobile home located adjacent to his parents' home. He joined the Pentecostal Church approximately two months prior to trial. The child was enrolled by Mr. Harper in a Christian preschool when David II was three years old. The father's family was willing to assist him in the care of the child.
Mrs. Harper was 20 years old. She has spina bifida, but she was physically able to care for herself and the child. She was receiving $318 a month from social security. She did not have a job, but the trial court noted in its written reasons for judgment that she planned to pursue a GED and seek job training. Mrs. Harper had a mobile home next door to her parents. She lived part of the time in the trailer and part of the time with her parents. Her family was also willing to assist in the care of the child.
Dr. Brian Murphy, a psychologist, testified at trial concerning the competency of both parents. He opined that both of the parents met the minimum requirements of effective parenting, although he felt Mr. Harper was the more mature and intelligent of the two. Dr. Murphy testified that neither parent exhibited any outward signs of psychiatric disturbance or characterological problems. He found the child to be well adjusted.
The trial court found that neither parent had rebutted the presumption that joint custody was in the best interest of the child. The court awarded joint custody with a designated domiciliary parent for the school term beginning in 1990, thereby keeping the child with the same parent while he attends school.
Child custody is governed by Civil Code art. 146 and 157. Under article 146, custody is awarded in accordance with the best interest of the child, with a presumption in favor of joint custody. The trial court is granted a great amount of discretion in custody matters, and its decisions will not be disturbed unless it is clear and evident that the court has abused its discretion. Stewart v. Stewart, 460 So.2d 59, 61 (La. App. 1st Cir. 1984).
Both parents appear to love the child and want to care for him. At this time, the mother seems capable of caring for the child. A handicap, such as spina bifida or other health problems, is a factor to consider, but not the sole consideration. See Stine v. Stine, 479 So.2d 681, 683 (La. App. 3rd Cir.1985). If the health of either parent deteriorated to the extent that the child could not be properly cared for, a modification could be requested. The implementation plan set forth by the court encourages communication between the parents concerning the child. The visitation for the non-domiciliary parent is sufficient to allow both parents to share in the child's upbringing and to foster a good relationship with the child.
After a thorough review of the record, we cannot say that the trial court abused its discretion in its decision to designate the mother as the domiciliary parent for the school term. The decision of the trial court is affirmed. Appellant is to pay all costs.
AFFIRMED.