DECUIR, Judge.
In this domestic case, the mother appeals a judgment modifying child custody, visitation and support. For the reasons that follow, we affirm as amended.
FACTS
Tamaran and Lorenzo Sandoval are both active duty military personnel currently stationed in Washington, D.C. and California, respectively. On March 20, 2001, the trial court, based on Tamaran’s stated intent to leave the military, awarded sole custody of their one-year-old daughter to her and ordered broad general visitation for Lorenzo. In addition, Lorenzo was ordered to pay $390.00 per month in child support.
Tamaran repeatedly refused Lorenzo visitation with his daughter. On January 9, 2002, Lorenzo filed a rule to set visitation, change custody, lower child support and a rule for contempt against Tamaran for failure to comply with a visitation order. After a hearing, the trial court, noting that Tamaran had not left the military and that the parties do not cooperate well, awarded joint custody. Finding that both were good parents, the court made neither the domiciliary parent, instead splitting custody on an alternating six month basis. In addition, the trial court ordered neither party to pay child support. Tamaran lodged this appeal.
MODIFICATION OF CONSIDERED DECREE
Tamaran alleges both manifest and legal error on the part of the trial court. Specifically, she argues that the trial court erred in finding that Lorenzo had satisfied the burden of proof for modification of a considered decree.
In custody modification cases, when a party attempts to modify a “considered decree,” he bears the heavy burden of proving that the continuation of present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a |2change of environment is substantially outweighed by its advantages to the child. Bergeron v. Bergeron, 492 So.2d 1193 (La.1986).
In the case at bar, there is no evidence to suggest that Tamaran’s care of the child is inadequate. Accordingly, the question is whether Lorenzo proved by clear and convincing evidence that the harm caused by the change of environment would be substantially outweighed by its advantages to the child. The trial court noted that the original custody plan had not worked as intended by the court and that the child was in effect being denied access to her father. It is apparent to us that the trial court concluded that Lorenzo established that the advantage of having a father as a regular part of her life substantially outweighed any harm caused by the change in environment. We find no abuse of discretion in that determination.
However, we find that the trial court abused its discretion in ordering split six month custody. In custody cases the court’s primary consideration should be the best interest of the child. La.Civ.Code art. 131; Bergeron v. Bergeron, 492 So.2d 1193 (La.1986). It is important that the critical issues of continuity and stability of environment be considered in determining *1224 custody. Ezell v. Kelley, 535 So.2d 969 (La.App. 2 Cir.1988). In providing for joint custody, the legislature contemplated that each party have substantial rather than equal time with the child. La.R.S. 9:335; Nichols v. Nichols, 32,219 (La.App. 2 Cir. 9/22/99), 747 So.2d 120.
In cases such as this one where the parties are living on opposite coasts, assuring contact with both parties is particularly difficult. Nevertheless, the courts of this state have found equal sharing of time to be an abuse of discretion when the parties lived significant distances from one another. See Evans v. Lungrin, 97-541, 97-577 (La.2/6/98), 708 So.2d 731; Alexander v. Alexander, 02-683 (La.App. 3 Cir. 11/13/02), 831 So.2d 1060; Stanley v. Stanley, 592 So.2d 862 (La.App. 3 Cir.1991), writ denied, 592 So.2d 1339 (La.1992); Swope v.Swope, 521 So.2d 656 (La.App. 1 Cir.1988); Templeton v. Templeton, 98-2503 (La.App. 1 Cir. 4/1/99), 730 So.2d 1070. We likewise find the equal sharing of custody, as ordered by the court, to be an abuse of discretion.
We find it in the best interest of the child that the joint custody established by the trial court be upheld. However, we amend the order to designate Tamaran the primary domiciliary parent subject to the following visitation schedule:
1) Lorenzo to have domicilary custody of the child every summer from June 1 until and including Labor Day, until such time as the child reaches school age. Thereafter, Lorenzo shall have domiciliary custody commencing three days after the close of school until three days prior to the opening of school.
2) The parties to alternate the major holidays of Easter, Thanksgiving, Christmas and New Year’s, with Lorenzo having Easter and Christmas this year and Ta-maran Thanksgiving and New Year’s. The duration of each holiday visitation will be one week or the duration of the school break when applicable.
3) Lorenzo to be allowed visitation of one day during the week of the child’s birthday each year.
4) Travel arrangements and additional visitation as ordered in the judgment of the trial court.
CHILD SUPPORT
In its judgment, the trial judge ordered no child support by either party because custody was equally divided. Since we have amended the court’s visitation plan, we must reverse the trial court’s judgment regarding the child support. After reviewing the record, we find that Lorenzo failed to establish a change in circumstance warranting a reduction of the trial court’s original support order of $390.00 per | ¿month. Accordingly, we reverse the judgment of the trial court and order Lorenzo to pay $390.00 per month in child support with said payments to be suspended for the designated summer visitation periods. Recognizing that there are additional cost associated with being the primary domiciliary parent, we decline to order support by Tamaran during those months.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed as amended in part, reversed in part, and rendered. All costs of these proceedings are taxed one-half to appellant, Tamaran Sandoval and one-half to appellee, Lorenzo Sandoval.
AFFIRMED AS AMENDED IN PART, REVERSED IN PART, AND RENDERED.